Lipscomb, J.
A preliminary question is presented to our consideration that we believe is decisive of the ease as at present presented. The jurisdiction of this court is limited and defined bjr the Constitution, and it is made strictly appellate. The first clause of sec. 3 of the judicial department, article IV of the Constitution, is in the following words: “The Supreme Court shall have appellate jurisdiction only, which shall be co-extensive with tile State, but ill criminal eases ami in appeals from interlocutory judgments with such exceptions and under such regulations as the Legislature shall make.” Under this provision of the Constitution we have in several cases decided that an appeal will not be entertained from any judgment interlocutory in its character (see Robinson v. Baillieul, 2 Tex. R., 160; Ewing v. Kinnard, Id. 163) unless provision has been made for the same by act of the Legislature. There having been no legislation applicable to the case, the only question therefore is as to the finality of the judgment of the court below in the case presented.
Tlie question was presented for our consideration at Galveston, January Term, 1851, in a case precisely like the present, and we arrived at the conclusion and delivered an opinion to that effect, that it was not a final judgment within the meaning of the term, hut was interlocutory, and not subject to be revised until after a final jndgment in the cáse. We subsequently set aside the judgment we liad rendered dismissing the case, and held it under advisement. IVe are now satisfied that the judgment was interlocutory, and that its correctness was not to he inquired into or revised until after a final judgment •disposing of the case. That every interlocutory judgment could then be brought under our revision cannot he doubted. We were better prepared in that cast; so far as relates to authorities titan we are in this, as in this the briefs have not touched the question.
Note GS. — Same ease. 17 T., 107.
Note 69- — Taylor v. Fore, 42 T.,- 256.
Note 70. — Spencer v. Kinnard, ]2 T., 180; Cook v. Garza, 13 T., 431; Caperton v. Wanslow, 18-T., 125; Burnley v. Rice, 21 T., 171; Varderaan v. Edwards, 21 T., 737; Gregg v. Bankhead, 22. T., 245; Hatchett v, Conner, 30 T., 104; Hough v. Hammond, 36 T., 657.
It cannot be doubted, where the chancery jurisdiction and common Jaw are kept distinct and administered in different tribunals, that it appertained to the chancery jurisdiction, on a sufficient case being presented, to grant a new trial of the facts of the case after it had been tried at common law and such new trial of the facts was tried in the common-law courts on issues sent to that court from the chancery court,. This was done in cases where the rules of the common-law courts afforded no adequate remedy. In most of the common-law courts of the different States of the Union the remedy, by granting a new trial, is lost after the adjournment of the term, and in such States the only resort after the adjournment is by an application to the chancery jurisdiction, and this is believed to be often done; and it is, in substance, doing nothing- more than the common-law courts would have done had the application been made in time. In its character it is not different in its finality whether granted by chancery or the courts of common law; in either case it does not appear to dispose of the subject-matter of complaint, and it is strictly interlocutory, and the sufficiency of the grounds on which it is granted not rcvisable until after final judgment. It will not be controverted that this is the case when a new trial is obtained in our courts during the term 'at which the verdict and judgment are rendered, and we believe that in principle it is precisely the same when it is granted on the rules of equity jurisdiction. It does not dispose of the matter in litigation nor of the suit; it is only final, for the time, on the point of now trial or not. It is altogether different from the case of a motiou to quash the sheriff’s return on an execution, such as was presented in the case of Scott & Rose v. Allen, 1 Tex. R., 508. The motion in that case did not pretend or seek to affect the judgment of the court; it was not contended that there was any error or injury done to the party by the judgment of the court, but it referred to an act of a ministerial officer after the rendition of the judgment, and could not have been presented by the record if it had been brought up on assignment of the errors in the record, that being a distinct matter unconnected with the judgment, and the levy and return not affecting the judgment but the acts of the ministerial officer, we consider it final. After a final judgment has been rendered in this ease, if the parties should be dissatisfied or aggrieved by such judgment, it can then be revised and not before. Under our system there is no distinction in the administration of law and equity jurisdiction; the same remedy is obtained on application to a judge of the District Court that would, were the jurisdiction . separate, be administered by the chancellor; and to rule that a new trial could not be granted out of term time by one of our district judges would be denying to them an essential attribute of equity jurisdiction. Because that we believe the order of the district judge in this case vacating the previous judgment of the District Court and reinstating the case was interlocutory and not a final judgment, the appeal is dismissed.
Appeal dismissed.