Lipscomb, J.
A preliminary question, we believe, is decisive of this case. Can we take jurisdiction and revise the judgment rendered in these proceedings setting aside the former judgment and granting a new trial? We believe we cannot, because it is an interlocutory and not a iinal judgment. That the District Court had jurisdiction in this way to grant a new trial was decided by this court at Tyler, April Term, 1852.
If error has intervened in the proceedings it cannot be revised and corrected until after tiie case lias been disposed of by a final judgment in the court below. It is not perceived that tiie plaintiff is placed in a worse condition by setting aside the judgment or decree in this case than if a now trial bad been granted in the ordinary way before the adjournment of the court. In the proceedings to set aside tiie first decree, which we have been considering, the record of that case is made a part of the proceedings in this; and the record shows *236 that it is the same that is now before the court in the ease of Jones, Administrator, v. Stewart, which was brought up by the plaintiff in error after he liad obtained an interlocutory decree setting the judgment aside and granting a new trial, as his counsel alleges, out of abundance of caution, lest liis proceedings-to set aside the decree should ultimately prove unsuccessful, and that the first decree should be sustained after the time for bringing it up by writ of error had been barred. Whatever the consequences t.o him ultimately may be, he has deprived himself of the opportunity of having that judgment or decree revised by procuring it to be set aside and having a new trial granted. It is not now a jndgment'remaining in force in the District Court, ño more so than if it had' been set aside and a new trial granted to him in the ordinary way before the adjournment of the term at which it was rendered. The conclusion therefore is that both eases must be dismissed. We have no jurisdiction until after final judgment, and consent cannot confer jurisdiction. Whether the proceedings under which the first decree was set aside be regarded as a- bill of review or an original bill to set the former judgment aside on the ground that it had been fraudulently and surreptitiously procured, is not material at present and cannot now be inquired into. Its effect was to vacate and set it aside by proceedings having that object directly in view, and it cannot now be considered as a final decree, remaining of record in the court below and subject to revision. If it was erroneous to sot it aside, such error can only be revised after the final disposition of the case in the court below, where the suit is still pending. Both cases must be dismissed at the cost of the party bringing them into this court.
Note 76. — McKean v. Ziller, ante 68.
Appeal dismissed.