## Houston v. Starr.

It is competent for the District Court to grant a new trial upon the payment of costs, without the consent of the party who makes the motion for a new trial ; and where a new trial is awarded on payment of costs, and such interlocutory judgment entered, there is not such a final judgment in the cause, as will sustain an appeal or writ of error by either party.

This case distinguished from the case of Secrest v. Best, 6 Tex. R. 199, on the ground that in that case the order for a new trial was made to depend on a contingency, that is, on the payment of the costs on or before the first day of the next Term, whereas in this case, the order for a new trial was absolute, and a judgment was rendered for the costs on which execution might issue.

Error from Nacogdoches. Action of tresspass to try title by plaintiff in error against defendant in error. Verdict and judgment for defendant. Motion by plaintiff for new trial; granted on payment of costs, and judgment for the costs against the plaintiff and his surety. Plaintiff declined to accept of the new trial on the terms imposed, and prosecuted this writ of error.

*J. M. Ardrey*, for plaintiff in error.

*J. P. Henderson* and *James Webb*, for defendant in error.

WHEELER J. This case was submitted on briefs, or written arguments at a former Term of the Court. The only question discussed in the argument of the plaintiff's counsel, and that which was treated by counsel for the defendant as the question which must control the decision of the case, was the question of the validity of plaintiff's title. A case was then depending in another branch of the Court, the decision of which it was thought would settle the question, on which it was understood from the argument of counsel, the validity of the title relied on by the plaintiff in this case depended. And in conse-

quence of the want of facilities at this branch of the Court, for investigating the question, it was deferred for consideration at the branch of the Court where the other case was depending, and where reference might be had to authorities not here accessible.

But on inspection of the record, we find that the case is not so presented as to require, or indeed to permit, an authoritative adjudication upon the validity of the title.

It appears by the record that there was a verdict for the defendant. The plaintiff thereupon moved the Court for a new trial, which the Court at first declined to grant; but upon a reconsideration of the motion, it was sustained, and a new trial granted, on payment of costs. The entry of the judgment is that " a new trial be had herein, upon payment of all " costs herein incurred to be taxed ; it is therefore considered " by the Court that said plaintiff and Jacob Must, his security, " do pay all costs of this proceeding incurred," &c. From this judgment the present writ of error was prosecuted.

It is quite too clear for controversy or doubt, that this judgment was but the usual judgment awarding a new trial, and was final only as to the costs. It was an ordinary grant of a new trial on terms. And nothing can be better settled by the oft repeated decisions of this Court than that an appeal or writ of error will not lie from a judgment granting a new trial, or from any other interlocutory judgment. (6 Tex. R. 322 ; 9 Id. 469 ; 11 Id. 655 ; 8 Id. 341, 344.) This Court, therefore, manifestly has not jurisdiction to adjudicate the merits of the case on the present writ of error.

The present is unlike the judgment in the case of Secrest v. Best. (6 Tex. R. 199.) There the new trial was made to depend on a future contingency. Execution could not issue for the costs. But the present was the grant of a new trial on terms, which it is the every day practice to impose, and which the Court is expressly authorized by the statute to impose. (Hart. Dig. Art. 763.) As to the costs only the judgment was final ; and execution might issue for their collection immediately.

The new trial was not made dependent on any contingency, present or future, but was fully and presently granted. The party made his application legally subject, of course, to the right and power of the Court to impose terms. The terms imposed, being made the judgment of the Court, had the same force and effect, and were as conclusive on the parties as any other judgment which the Court could render. The judgment rendered for the costs did not depend for its validity or finality upon the will or option of either party. And neither could elect to consider or treat it as having other or different effect, from that which the law gave it. It was final and conclusive as to the costs, and nothing remained to prevent its execution. This it is conceived, is quite too clear for controversy. But the grant of a new trial had the effect to annul the verdict, prevent the rendition of judgment upon it, and leave the case open for future adjudication upon the merits. And for aught this Court can know from the record, the case may still be depending for trial in the Court below. However that may be, it is at least certain, that the award of a new trial was, as to the merits of the case, but an interlocutory judgment, which left it in the same condition as if, in fact, there had been no trial. It consequently was not a final judgment in the case from which an appeal will lie. (Goss *et al* v. McClaran, 8 Tex. R. 341 ; 9 Id. 469.)

It has been the constant practice of the Courts to grant new trials upon terms like the present. Objections to their validity may have been made; but they were considered frivolous, and as not deserving of notice, until, in a recent case at Galveston, for the purpose of preventing the recurrence of the objection, it was considered and disposed of in accordance with the view now presented. (11 Tex. R.)

There not having been a final judgment in the case, it follows that the writ of error must be dismissed.

Writ of error dismissed.