LYON–TAYLOR CO. v. JOHNSON.

(Court of Civil Appeals of Texas. Galveston. April 23, 1912. On Motion for Rehearing, May 16, 1912.)

1. APPEAL AND ERROR (§ 78*) — DECISIONS REVIEWABLE—FINALITY — VACATING JUDGMENT.

A judgment, which merely sets aside a former judgment without any judgment on the merits of the former controversy, is not a final appealable judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

## On Motion for Rehearing.

2. JUDGMENT (§ 393*)—ACTION TO SET ASIDE —DETERMINATION.

In a suit to set aside a judgment, the court on granting a new trial will not try the old case as it stood on the docket, but will try it upon the allegations of the new petition and the answer of the other party, and will render final judgment in the new proceeding at the time the former judgment is set aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 746, 763; Dec. Dig. § 393.*]

3. NEW TRIAL (§ 170*)—ENTRY NUNC PRO TUNC.

Where a judgment is in fact rendered upon the merits, but not entered on the minutes, it may on proper motion be entered nunc pro tunc.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 337; Dec. Dig. § 170.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action to set aside a judgment by John S. Johnson against the Lyon-Taylor Company. Judgment for plaintiff annulling the former judgment, and defendant appeals. Dismissed.

Crook, Lord, Lawton & Ney, of Beaumont, for appellant. E. E. Easterling, of Beaumont, for appellee.

McMEANS, J. [1] There appears to have been no final judgment rendered in this case in the court below, and for that reason this appeal does not lie. The facts are substantially these: Lyon-Taylor Company sued John S. Johnson in the county court of Jefferson county, cause No. 1,514, and recovered a judgment against him. Johnson's motion for a new trial having been overruled, he appealed, and the judgment against him was affirmed by the Court of Civil Appeals. At a subsequent term of the county court Johnson brought this suit against Lyon-Taylor Company seeking to have the former judgment set aside, and upon the trial before the court judgment was rendered in favor of appellee against appellant annulling and setting aside the former judgment, and in favor of appellee for costs. There was no judgment rendered upon the merits. The effect of this judgment was to annul the former judgment in cause No. 1,514 and put the parties where they were before cause No. 1,514 was tried, and leaves the case open for further adjudication upon the merits. It was therefore not a final judgment from which an appeal could be taken. Stewart v. Jones, 9 Tex. 469; Gross v. McClaren, 8 Tex. 341; Houston v. Starr, 12 Tex. 425; Taylor v. Fore, 42 Tex. 256.

The appeal must therefore be dismissed. In view of this decision, we are not at liberty to pass upon the sufficiency of the pleadings and evidence to sustain the action of the trial court in setting the former judgment aside and granting a new trial.

Appeal dismissed.

## On Motion for Rehearing.

In order that our decision may not be misunderstood, we think it proper to say we did not mean to hold that, when the court set aside the judgment rendered in cause No. 1,514, without rendering judgment in the last proceeding, the original cause No. 1,514 was left open for further adjudication on the merits.

[2] It is the proper procedure in an action brought to set aside a judgment, when the new trial is granted, not to try the old case as it stood on the docket, but to try upon the allegations of the new petition and the answer of the other party, and final judgment should be rendered in the new proceeding and at the time the former judgment is set aside. The court in the instant case, however, after the judgment in cause No. 1,514 was set aside and vacated, did not proceed, so far as the record shows, to render judgment on the merits; hence the judgment or order merely vacating the judgment rendered in No. 1,514 was not a final judgment from which an appeal will lie.

[3] If, as a matter of fact, the court did render a judgment upon the merits, but such judgment was not entered on the minutes, it may be, on proper motion, entered nunc pro tunc, and an appeal could then be prosecuted from such judgment. If, however, no such judgment was rendered, then the order setting aside and vacating the judgment was of no force and effect; and the court should now proceed to hear and determine the case upon the pleadings of the parties and the evidence to be introduced in the new proceeding, and enter final judgment therein.

The motion for a rehearing is refused.