ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. STERLING. (No. 1435.)

(Court of Civil Appeals of Texas. Texarkana. April, 22, 1915.)

APPEAL AND ERROR ☞447—EFFECT OF APPEAL.

Where an unsuccessful defendant appealed from a judgment rendered against it, such appeal deprived the trial court of jurisdiction, and defendant could not thereafter secure in the trial court an injunction restraining collection on the theory that the judgment was procured by fraud.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2207; Dec. Dig. ☞447.]

Appeal from District Court, Titus County; W. T. Armistead, Judge.

Proceedings by the St. Louis Southwestern Railway Company of Texas against H. L. Sterling to have a judgment set aside. From an order of dismissal, the railroad company appeals. Affirmed.

Glass, Estes, King & Burford, of Texarkana, for appellant. Randell & Randell, of Sherman, for appellee.

LEVY, J. By a proceeding in the nature of a motion for new trial the appellant sought to have a judgment in favor of appellee against it, obtained at a former term of court, set aside. In the alternative an injunction was asked restraining the collection of the judgment. It was alleged that the judgment was obtained through fraud and misconduct of the jury. The court sustained a demurrer and dismissed the proceedings. The appeal in the original suit pending at the time deprived the trial court of jurisdiction and suspended the right of appellant to any proceeding of the kind in question, and the court did not err in dismissing the same.

The order of dismissal is affirmed.

———

LINXWILER v. LINXWILER et al. (No. 1459.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1915.)

1. DIVORCE ☞151—NEW TRIAL—POWER OF COURT.

The trial court may during term time set aside a decree of divorce and grant a new trial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509-513; Dec. Dig. ☞151.]

2. APPEAL AND ERROR ☞78—DECISIONS APPEALABLE.

An order granting a motion for new trial during the term at which a divorce was granted is not a final judgment from which an appeal can be taken directly to the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464-477, 480, 481; Dec. Dig. ☞78.]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Charles E. Linxwiler procured a divorce. Thereafter the defendant, his wife, was granted a new trial, and Audrey L. Linxwiler appeared and filed a plea in intervention, asserting that on the day of the decree she married plaintiff. From an order denying her plea, Audrey L. Linxwiler appeals. Appeal dismissed.

M. M. Parks and W. H. Hall, both of Dallas, for appellant. Ross M. Scott and Ellis P. House, both of Dallas, for appellee.

LEVY, J. Charles E. Linxwiler sued his wife for divorce, and a decree was rendered in his favor. The defendant in the court below waived citation, but did not make answer. At the same term of court at which the decree was rendered the court allowed and entertained the second motion of the defendant wife for a new trial, and set the decree of divorce aside, and granted a new trial of the cause. The motion set up, among other things, that the waiver of service was signed by her "under duress and through fear." Appellant by what is termed a "plea in intervention" appeared and contested the granting of a new trial, averring that on the day of the decree she married the plaintiff.

[1, 2] The plaintff also filed answer to the motion. The appeal was taken by the intervener, the third person, to revise the judgment of the court setting aside the decree of divorce and granting a rehearing of the cause. The jurisdiction of the district court to revise or set aside its own judgment continues during the term. Blum v. Wettermark, 58 Tex. 125; Garza v. Baker, 58 Tex. 483. And the granting of a motion for new trial during the term at which the decree was entered, as here, is not that character of final judgment which authorizes an appeal direct therefrom to this court. Sweeney v. Jarvis, 6 Tex. 36; Hughes v. Maddox, 6 Tex. 90; Hope v. Long, 122 S. W. 40; Taylor Co. v. Johnson, 147 S. W. 605. Therefore this court is without jurisdiction to entertain the appeal, and it must be dismissed, without decision of any question in the case.