HENDERSON v. HENDERSON. (No. 6242.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1919.)

APPEAL AND ERROR ⟨⟨⟩⟩82(3)—JUDGMENTS OR ORDERS REVIEWABLE — INTERLOCUTORY ORDER SETTING ASIDE DIVORCE DECREE.

The action of the court in setting aside a judgment or decree in divorce must be treated as any other interlocutory order of the court in granting a new trial; and, the judgment or order not being final, the Court of Appeals has no jurisdiction to review it.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Petition for divorce by Donald L. Henderson against Lillie Henderson. Decree upon default, jury being waived and upon defendant's motion or petition after the term had expired, an order was entered, setting aside decree, to which order plaintiff excepted and appeals. Appeal dismissed.'

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant.

J. Ed. Wilkins, of San Antonio, and J. D. Dodson, of Laredo, for appellee.

COBBS, J. On the 16th of April, 1918, Donald Henderson, plaintiff, filed a petition for divorce against his wife, Lillie Henderson, in the Thirty-Seventh District Court of Bexar county, Tex.

On the 12th day of October, A. D. 1918, the case was called for trial, and the decree recited the defendant "failed to appear and answer in this behalf, but wholly made default." Whereupon, a "jury being waived," the court proceeded to hear evidence, and granted the decree of divorce.

Defendant filed a motion or petition after the term had expired to set aside the decree of divorce, stating grounds upon which it was based.

Upon the hearing of the motion, the court entered the following order:

"On this the 29th day of November, 1918, came on to be heard the petition of the defendant to set aside the judgment heretofore rendered in this cause, to order the same set for trial in its regular order upon the merits, and to further order that plaintiff comply with the agreement heretofore entered into and of record in the

minutes of this court, requiring the payment by him to the defendant of alimony at the rate of $75 per month until a final judgment in this cause, and appeared the defendant in person and by her attorneys, and the plaintiff by his attorney of record, and the court, after having heard read said motion, the testimony offered and the argument of attorneys, and the court, considering same as a petition to set aside judgment, is of opinion that the material grounds set forth in said petition are true, that said judgment is void, and that said petition should be granted.

"It is therefore by the court considered and so ordered that said petition of the defendant be, and the same is, hereby in all things granted, and that said judgment heretofore rendered in this cause be, and the same is, hereby declared void in all things and set aside, and this cause is ordered set for trial in its regular order upon the merits.

"It is further ordered by the court that the plaintiff do continue to pay to the defendant the amount of alimony heretofore agreed upon between plaintiff and defendant in the sum of $75 per month until a final disposition of this cause, said agreement being an order of record in this cause.

"To all of which the plaintiff by his attorney of record in open court duly excepted, and gave notice of appeal to the honorable Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Tex."

The assignments, lengthy briefs and arguments of both parties treat this case as though this court had jurisdiction, and present supposed errors of the trial court committed upon the hearing of the motion, and no error is assigned here or motion made to dismiss this appeal for want of jurisdiction.

It is held in Stewart v. Jones, 9 Tex. p. 470:

"Where a petition in the nature of a bill of review or original bill to set aside the judgment of a former term for fraud is filed, and judgment is rendered, setting the former judgment aside and granting a new trial, such judgment is interlocutory, and will not be revised on error or appeal until after final judgment; nor, in such a case, will a writ of error lie to the first judgment after it has thus been set aside. Note 76."

In Lyon-Taylor Co. v. Johnson, 147 S. W. p. 606, it is held:

"It is the proper procedure in an action brought to set aside a judgment, when the new trial is granted, not to try the old case as it stood on the docket, but to try upon the allegations of the new petition and the answer of the other party, and final judgment should be rendered in the new proceeding and at the time the former judgment is set aside. The court in the instant case, however, after the judgment in cause No. 1,514 was set aside and vacated, did not proceed, so far as the record shows, to render judgment on the merits; hence the judgment or order, merely vacating the judgment rendered in No. 1,514, was not a final judgment from which an appeal will lie.

"If, as a matter of fact, the court did render a judgment upon the merits, but such judgment was not entered on the minutes, it may be, on proper motion, entered nunc pro tunc, and an appeal could then be prosecuted from such judgment. If, however, no such judgment was rendered, then the order setting aside and vacating the judgment was of no force and effect; and the court should now proceed to hear and determine the case upon the pleadings of the parties and the evidence to be introduced in the new proceeding, and enter final judgment therein."

The action of the court in setting aside the judgment must be treated just as any other interlocutory order of the court in granting a new trial. It stands ready for trial on its merits thereafter, and could have been tried immediately just as any other case would be. It was not then tried on its merits. The order was an interlocutory one; and, the judgment not being final, this court has no jurisdiction.

Appeal is dismissed.