### McVEY v. McVEY. (No. 2402.)

(Court of Civil Appeals of Texas. Texarkana.
March 24, 1921.)

**1. Appeal and error ⊕82(3)—Judgment setting aside decree of divorce and granting new trial not appealable.**

A judgment granting a petition for review and setting aside a decree of divorce, and holding the original suit for divorce for trial anew, is not a final judgment, and is not appealable, under Rev. St. 1911, art. 2078.

**2. Appeal and error ⊕389(3)—Delay in filing affidavit in lieu of appeal bond operated to dismiss appeal.**

Where trial court adjourned July 1, 1920, and affidavit in lieu of appeal bond was "filed August 19, 1920," the appeal must be dismissed for want of jurisdiction, under Rev. St. 1911, art. 2084.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Bill of review by Olive McVey against C. E. McVey to set aside a decree of divorce. From a judgment granting the petition, the defendant appeals. Appeal dismissed.

C. E. McVey, of Houston, for appellant.

Homer McVey, Boyd, Bell & Smith, and Williford & Geppert, all of Teague, for appellee.

LEVY, J. [1] Appellee filed a bill of review at a subsequent term of the court to set aside a decree of divorce; and the court, after hearing the evidence, set the decree of divorce aside and held the original suit for divorce for trial anew. Appellant seeks to appeal from the judgment granting the petition for review and setting aside the decree of divorce. The appeal in this case must be dismissed by this court for want of jurisdiction, in that the first judgment has been set aside and the judgment setting it aside is interlocutory, and there is not, therefore, a final judgment subject to be revised at the time of this appeal.

Article 2078, R. S., limits an appeal or writ of error that may be taken to the Court of Civil Appeals to a "final judgment of the district court in civil cases." The effect of a judgment granted, as here, on a petition in the nature of a bill of review to set aside a decree of divorce of a former term for fraud is to set aside the former decree and grant a new trial. Such judgment does not operate to dismiss the original suit for divorce. The first decree of divorce being set aside by proceedings having that object directly in view, then such decree "cannot be considered," quoting, "as a final judgment remaining of record in the court below and subject to revision, any more so than if it had been set

aside and a new trial granted in the ordinary way before court adjourned." Stewart v. Jones, 9 Tex. 469; Gross v. McClaran, 8 Tex. 341; Hope v. Long, 122 S. W. 40. And "if it was error to set it (the first decree) aside, such error can only be revised after the final disposition of the case where the suit is still pending." Stewart v. Jones, supra.

[2] And it also appears that the trial court adjourned July 1, 1920, and the affidavit in lieu of appeal bond was "filed August 19, 1920." This fact, too, would legally operate to dismiss the appeal for want of jurisdiction. Article 2084, R. S.

The appeal is dismissed.