Finding no error in the record, the judgment is affirmed.

---

## BOOKMAN v. STATE. (No. 8658.)

(Court of Criminal Appeals of Texas. Feb. 25, 1925.)

Bail ⬤➡66—Recognizance on appeal held insufficient, and appeal dismissible.

Recognizance on appeal, reciting conviction for "offense of running a gaming house," an offense not known to law of state, *held* insufficient, and appeal dismissed.

Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge.

Link Bookman was convicted of unlawfully keeping and being interested in keeping a building, room, and place for the purpose of being used as a place to bet and wager money and other things of value at a game played with dice, etc., and he appeals. Appeal dismissed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of. Austin, for the State.

HAWKINS, J. Appellant was convicted upon the charge that he did "unlawfully keep and was interested in keeping a building, room, and place for the purpose of being used as a place to bet and wager money and other things of value at a game played with dice," etc. His punishment was assessed at two years' confinement in the penitentiary.

Our attention is called to the insufficiency of the recognizance entered into by appellant for his enlargement pending appeal. It recites that appellant has been convicted of the "offense of running a gaming house." No such offense as described in the recognizance is known to our law.

Because of the error pointed out, the appeal must be dismissed; and it is so ordered.

---

## REED v. RUNION et al. (No. 6587.)

(Court of Civil Appeals of Texas. Austin. Oct. 3, 1923.)

Appeal and error ⬤➡82(3)—Interlocutory order, setting aside default judgment, not reviewed until final judgment on merits.

Interlocutory order, setting aside default judgment, on motion showing it was entered by fraud and pleading valid defense to action, *held* not reviewable until final judgment on merits of case.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by E. B. Reed against H. Runion and others. From an order on motion of defendants, setting aside judgment of former term, plaintiff appeals. Appeal dismissed.

Johnston & Hughes, of Waco, for appellant.

BLAIR, J. This is an appeal from an order setting aside and canceling a judgment of a former term obtained through fraud. The record does not disclose a final appealable judgment, and we must dismiss this appeal for want of jurisdiction. The facts show that the appellant, Reed, recovered a default judgment in the Seventy-Fourth district court against appellee Runion and others as sureties on a replevin bond which appellee Runion furnished to hold property sequestered by Reed. Later, at the second succeeding term of this court, appellee Runion filed his motion, praying that the default judgment theretofore rendered against him be set aside and canceled because of the fraud practiced by appellant, Reed, in obtaining it, in that he (Reed) had falsely and fraudulently represented to appellee Runion that he had or would dismiss the suit, and that he had no notice of the setting of the same for trial, and further pleading a valid defense to the suit of Reed.

Upon a hearing the trial court found that Reed had falsely and fraudulently represented to Runion that he had dismissed the suit, and but for said representation Runion would have appeared and defended in the suit with a valid defense, and entered an order canceling and annulling the judgment rendered at the previous term in favor of Reed against Runion.

There was no judgment rendered upon the merits of the case as pleaded in appellees' motion to cancel and annul the former default judgment. Appellant's appeal is from this interlocutory order of the court setting aside and annulling the default judgment; hence the appeal is not one authorized by our statute which requires a final judgment upon the merits of the case before appeal.

An order vacating and annulling a default judgment obtained at a former term of the court through fraud is interlocutory, as distinguished from a final judgment upon the merits of the case, as pleaded by said motion to vacate and annull and therefore an appeal will not lie until the entire case as made by the motion is disposed of upon its merits; at which time, if properly presented as a part of the record in the case, this court can review any alleged error of the trial court in vacating and annulling the former default judgment, the same as any other interlocutory order or assignment of error. Gross v.

McClaren, 8 Tex. 341; Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646; Stewart v. Jones, 9 Tex. 469; Houston v. Starr, 12 Tex. 425; Taylor v. Fore, 42 Tex. 256; Lyon-Taylor v. Johnson (Tex. Civ. App.) 147 S. W. 605; McKean v. Ziller, 9 Tex. 58.

Appeal dismissed.