### WICHITA MILL & ELEVATOR CO. v. KIRKPATRICK. (No. 7251.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1924. Rehearing Denied Jan. 14, 1925.)

1. Dismissal and nonsuit ⊜➧81(2)—Court held to have jurisdiction to allow cause to be reinstated on bill of review by plaintiff.

Where cause was inadvertently dismissed at a former term, court had jurisdiction to allow it to be reinstated on a bill of review filed by plaintiff, though it was in effect granting a new trial, after term at which judgment had been rendered.

2. Appeal and error ⊜➧78(6)—Order setting aside judgment of dismissal and reinstating cause held not appealable.

Order setting aside judgment of dismissal of cause which had been inadvertently dismissed and reinstating it on docket was in effect an order granting a new trial, and not a final judgment from which an appeal could be prosecuted.

Appeal from Bee County Court.

Action by J. J. Kirkpatrick against the Wichita Mill & Elevator Company. From an order setting aside judgment of dismissal and reinstating cause on the docket, defendant appeals. Appeal dismissed.

W. G. Gayle and L. D. Stroud, both of Beeville, for appellant.

H. S. Bonham, of Beeville, for appellee.

FLY, C. J. [1, 2] This is an appeal from an order setting aside a judgment of dismissal of the cause and reinstating it on the docket. The cause had been, as stated by the court, inadvertently and by mistake dismissed at a former term, and was reinstated upon a bill of review filed by the plaintiff. It was in effect granting a new trial after the term at which the judgment had been rendered. This action upon the part of the court was legal and valid; but the order was not a final judgment from which an appeal could be prosecuted. The order of dismissal of the cause was a final judgment from which an appeal might have been taken, but that is not the judgment from which appellant seeks to appeal. He is attempting to appeal from an order setting aside the final judgment of dismissal. He is endeavoring to appeal from an order granting a new trial. It cannot be done. The identical question was decided by the Supreme Court in 1853, and it was held that, where a petition in the nature of a bill of review or original bill to set aside a judgment rendered at a former term is filed and judgment rendered setting aside the former judgment, such judgment is interlocutory, and will not be revised on error or appeal, until after final judgment. Stewart v. Jones, 9 Tex. 469. There are recent cases to the same effect. Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 606; Henderson v. Henderson (Tex. Civ. App.) 213 S. W. 315; McVey v. McVey (Tex. Civ. App.) 230 S. W. 781.

The cause will be dismissed for want of jurisdiction.