**LYNN et al. v. HANNA et al.**    (No. 9375.)

(Court of Civil Appeals of Texas.    Dallas. April 25, 1925. Rehearing Denied May 23, 1925.)

Appeal and error ⬅➡82(3), 793—No jurisdiction of appeal from interlocutory order setting aside judgment.

     Appeal from interlocutory order setting aside judgment must be dismissed for want of jurisdiction, under Rev. St. art. 2078, though without prejudice to appellants' right to invoke appellate court's jurisdiction after trial on merits.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Mrs. V. C. Lynn and others against Mrs. T. H. Hanna and others. From an interlocutory order setting aside a judgment for plaintiffs, they appeal. Appeal dismissed.

Hunter, Garrett & Greathouse, of Fort Worth, for appellants.

William Morton, of Dallas, for appellees.

JONES, C. J. This is an appeal from an interlocutory order setting aside a judgment that had theretofore been entered in favor of appellants against appellees. The order appealed from, omitting the findings of the court, is as follows:

"It is therefore ordered, adjudged, and decreed that the judgments heretofore rendered in the above cause dated the 15th day of October, A. D. 1923, and the 8th day of December, A. D. 1923, be, and the same are here-by, set aside and vacated, to which act plaintiff excepts, and in open court gives notice of appeal to the Court of Civil Appeals for the Supreme Judicial District of Texas at Dallas."

This court has not jurisdiction to pass on any of the matters raised by appellants' assignments of error, in that the judgment that had theretofore been entered has been set aside by an interlocutory order of the district court, and there is now no final judgment in the case. It follows, therefore, that this appeal must be dismissed for want of jurisdiction. Article 2078, Revised Statutes 1911; McVey v. McVey (Tex. Civ. App.) 230 S. W. 781; Farrias v. Delgado (Tex. Civ. App.) 210 S. W. 610; Stewart v. Jones, 9 Tex. 469; Gross v. McClaren, 8 Tex. 341; Hope v. Long (Tex. Civ. App.) 122 S. W. 40.

This case still stands for trial on its merits on the docket of the district court in Dallas county. If it was error to set aside the judgment entered on the 8th day of December, 1923, because, as contended by appellants, no motion for a new trial could then be filed or considered by the court, and the motion on which the court acted does not contain the essential requirements of a bill of review, such error can only be reviewed by this court after the final disposition of this case on its merits. Stewart v. Jones, supra. This dismissal of the appeal is without prejudice to appellants to invoke the jurisdiction of this court by proper assignments of error, on the matters assigned as error on this appeal, if it should be necessary for them to perfect an appeal after the trial of the case on its merits.

Appeal dismissed for want of jurisdiction.