## HOWELL v. CITIZENS' NAT. BANK OF ABILENE.

### No. 996.

Court of 'Civil Appeals of Texas. Eastland.

Oct. 7, 1932.

A. A. Heathington, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

LESLIE, J.

This is an appeal from an order of the district court overruling plaintiff in error's motion for a judgment against the garnishee, Citizens' National Bank of Abilene, defendant in error. There is no statement of facts in the record. Plaintiff in error, O. C. Howell, was plaintiff below, and the bank defendant. The parties will be referred to as in the trial court.

From the transcript it appears that the plaintiff, on March 4, 1931, filed an affidavit for a writ of garnishment, after judgment, to run against the bank. The writ was served on the bank the same day and returnable June 8, 1931, first day of ensuing term. The affidavit is all the evidence, if it be considered as such, that plaintiff had judgment at all against Powell Roberts, defendant in the original suit. June 11, 1931, plaintiff filed said motion for judgment against garnishee bank, which, on the same day, filed answer replying to the writ. This answer was in all respects full and complete, and for various reasons, in the absence of a controverting affidavit (article 4094, R. S. 1925), apparently warranted judgment discharging the garnishee (article 4086, R. S.).

█ By two propositions, in substance the same, the plaintiff contends that the court erred in overruling his motion for judgment because the bank failed to answer said writ on or before June 9th, appearance day of the ensuing term. These contentions are based upon the provisions of article 4087, R. S. 1925, which prescribes that the garnishee shall in all cases, after lawful service, file an answer to the writ of garnishment on or before appearance day of the term of court to which such writ is returnable, etc., and authorizing a judgment by default against the garnishee under certain circumstances. However, the last sentence of that article provides that: "The answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered." Under this statute the garnishee's answer was filed in due time, and apparently the plaintiff made no effort to traverse the same, although it appears from the transcript that he made a "motion to quash" the answer because "the garnishee * * * failed to make answer to this plaintiff's writ of garnishment by the close of the term of court to which it was returnable; that, in fact the garnishee herein did not file its answer until June 11th, 1931." This motion to quash was overruled, as was the plaintiff's motion for judgment. Hence the only action taken by the court was to overrule said motions. The plaintiff excepted and gave notice of appeal from the order overruling the motion for judgment. No final judgment was rendered in the main case on the effects or merits of garnishee's answer. The action taken by the court was merely an interlocutory order or judgment from which no appeal could be prosecuted to this court. 3 Tex. Jur., § 53, p. 105; § 61, p. 125; Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 605, 606; Henderson v. Henderson (Tex. Civ. App.) 213 S. W. 315.

There being no final judgment in the case, the plaintiff in error has no appeal, and the same is hereby dismissed.