Fred W. MESTA, Appellant,

v.

H. GRUBERT, d/b/a Grubert Construction
Company, et al., Appellees.

No. 10569.

Court of Civil Appeals of Texas.

Austin.

April 16, 1958.

Milton H. Mulitz, Houston, for appellant.

W. B. Jeter, Houston, for appellees.

ARCHER, Chief Justice.

Plaintiff, appellant herein, filed suit on June 26, 1957, against appellee to recover $2,500 as claimed commissions. No answer having been filed by appellee on July 29, 1957, a default judgment was taken. On August 7, 1957, appellee filed his motion to set the judgment aside and for a new trial assigning reasons, to which was attached certain correspondence bearing dates of July 19, 1957 and July 20, 1957 between the attorneys for appellee and an attorney for a second party defendant as a stake holder. An answer and cross action was filed on August 12, 1957.

On August 13, 1957, appellant filed an answer to the motion for a new trial. An amended motion for a new trial was filed on August 15, 1957.

On August 15, 1957, a hearing was had on the motion and the pleadings and motions, as well as testimony, were before the court and considered, and the order complained of was entered setting aside the default judgment and granting a new trial, and from this action of the court appellant has sought to appeal.

We do not believe that the order constitutes a final judgment disposing of all parties and of all issues in the case but is a nonappealable interlocutory order and we are without jurisdiction of the proffered appeal.

There was no showing of an abuse of discretion.

Texas Bank & Trust Co. of Dallas v. Clay, Tex.Civ.App., 257 S.W.2d 774.

In the case of McCauley v. Consolidated Underwriters, Tex., 304 S.W.2d 265, our Supreme Court held that the setting aside and vacating a default judgment was not a final judgment and that the appellate courts are without power to review it, and dismissed the appeal.

This Court being without jurisdiction, the appeal is dismissed.

Appeal dismissed.