John STOCKS, Guardian of the Estates of W. H. Stocks et ux., Appellant,

v.

BAPTIST GENERAL CONVENTION OF TEXAS, Appellee.

No. 16363.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 2, 1962.

Ben Hagman, Weatherford, for appellant.

Will Wilson, Atty. Gen., Ben M. Harrison and Joe A. Osborn, Asst. Attys. Gen., Austin, John P. Ritchie, Mineral Wells, Burford, Ryburn & Ford and H. Sam Davis, Jr., Dallas, for appellee.

BOYD, Justice.

W. H. Stocks, Sr., and wife Effie Stocks brought this suit by and through John Stocks, Guardian of their persons and estates, against the Baptist General Convention of Texas, to cancel a deed executed by Mr. and Mrs. Stocks on February 1, 1955, purporting to convey to The Baptist General Convention of Texas, Trustee, for $10.00 "and other good and valuable consideration", approximately 1,000 acres of land, and retaining a life estate in said land. On the same day the grantors signed an instrument styled "TRUST AGREEMENT" purporting to "grant, assign, deliver and convey" to The Baptist General Convention of Texas as Trustee, to establish the trust therein provided for, the same property described in the deed.

The Baptist General Convention of Texas filed their original answer on September 6, 1961, the day after a default judgment was rendered, cancelling the deed. No service was had on the Attorney General.

On September 30, 1961, the Convention filed its amended motion for new trial, which was overruled on November 21, 1961, whereupon the Convention gave notice of appeal. No appeal, however, was perfected, but the Convention filed a writ of error bond on March 2, 1962.

On December 22, 1961, the Attorney General filed a motion to set aside the judgment and praying that he be made a party to the cause and allowed to file an answer and that the cause proceed as though said default judgment had not been rendered. The Attorney General's motion to set aside the judgment was sustained March 2, 1962. From the order setting aside the default judgment Mr. and Mrs. Stocks, through their guardian, have appealed.

The "TRUST AGREEMENT" contained the following provisions:

"This conveyance and transfer is made IN TRUST for the following uses and purposes, to-wit:

"1. After the death of both Trustors, an endowment shall be created and administered by our Trustee with the net income therefrom being distributed annually to the Baptist General Convention of Texas for use in the said Convention's mission program in the area now included in the Parker Association.

"It is our desire, but it is not mandatory, that the said Convention cooperate with a committee composed of the Moderator of said association, the associational missionary, and the pastor of the Bennett Baptist Church, Bennett, Texas, in the distribution of said income within the said area for the purposes aforesaid. It is our desire that first consideration be given to the welfare of the said Bennett Baptist Church and that special attention be given to the welfare of elderly Baptist preachers residing within the said area and weak Baptist

Churches affiliated with the said Convention and located within the said area."

Article 4412a, Vernon's Ann.Tex.Civ.St., is in part as follows:

"Section 1. As used in this Article, the term 'charitable trust' includes all gifts and trusts for charitable purposes.

"Sec. 2. For and on behalf of the interests of the general public of this state in such matters, the Attorney General shall be a necessary party to and shall be served with process, as hereinafter provided, in any suit or judicial proceeding, the object of which is:

\* \* \* \* \* \*

"To construe, nullify or impair the provisions of any instrument, testamentary or otherwise, creating or affecting a charitable trust \* \* \*.

"Sec. 4. A judgment rendered in any suit or judicial proceeding referred to in this Article without service or process upon the Attorney General shall be void and unenforceable. Any such judgment shall be set aside upon motion of the Attorney General filed at any time thereafter."

We think the order setting aside the default judgment is an interlocutory judgment from which no appeal will lie. Article 2249, V.A.T.S.; Palmer v. D. O. K. K. Benevolent and Insurance Association, 160 Tex. 513, 334 S.W.2d 149; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Mesta v. Grubert, Tex. Civ.App., 312 S.W.2d 528; Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022; Lynn v. Hanna, Tex.Civ.App., 273 S.W. 339, affirmed, 116 Tex. 652, 296 S.W. 280. In Lynn v. Hanna, the Court of Civil Appeals said: "This case still stands for trial on its merits on the docket of the district court in Dallas county. If it was error to set aside the judgment entered on the 8th day of December, 1923, because, as contended by appellants, no motion for a new trial could then be filed or considered by the court, and the motion on which the court acted does not contain the essential requirements of a bill of review, such error can only be reviewed by this court after the final disposition of this case on its merits."

The appeal is dismissed.