## DONOHO v. LEWIS et al.
### (No. 2054.)

Court of Civil Appeals of Texas. El Paso. Oct. 13, 1927.

On Appellant's Motion for Rehearing Nov. 17, 1927.

On Appellees' Motion for Rehearing Dec. 8, 1927.   Further Rehearing Denied Jan. 5, 1928.

1. Appeal and error ⚫➔719(4), 747(2)—Sufficiency of petition, limitations, and other defenses cannot be considered, in absence of assignments or cross-assignments of error on overruling exceptions to pleadings.

No assignment or cross-assignment of error being predicated on order overruling exceptions to pleadings, all questions as to sufficiency of petition to state cause of action and questions of limitations and other defensive matters in answer are eliminated from consideration.

**2. Vendor and purchaser** ⬥◎⬥315(1)—**General denial put burden on plaintiff to exhibit, introduce, or account for absence of contract in suit, notwithstanding defenses subsequently pleaded.**

General denial put burden on plaintiff to exhibit or introduce in evidence contract in suit as pleaded or to account for its absence, and any matters of defense thereafter pleaded in answer, such as plaintiff's failure to furnish abstract of title or present merchantable title to property sold, would not lift burden of proving his case.

*On Appellant's Motion for Rehearing.*

**3. Mines and minerals** ⬥◎⬥54(2)—**Vendee's acceptance of deed annulled contract to convey, stipulations in which were merged in deed.**

In absence of fraud, vendee's acceptance of assignment of vendor's interest in oil properties, with full notice of objections affecting title as disclosed by abstract, must be considered as full compliance with, and annulling, contract to convey, stipulations in which were merged in deed.

*On Appellees' Motion for Rehearing.*

**4. Appeal and error** ⬥◎⬥1177(7)—**Case should be remanded for retrial on reversing judgment for defendants, where evidence on defensive issues was not fully developed.**

Where record indicates that evidence has not been fully developed on defensive issues, case should be remanded for retrial on reversal of judgment for defendants.

Walthall, J., dissenting in part.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by C. D. Donoho against S. C. Lewis and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. F. Robertson, of Austin, for appellant.
Gresham, Willis & Freeman, Barry Miller, and Winfrey & Lane, all of Dallas, for appellees.

WALTHALL, J. C. D. Donoho brought this suit in the district court of Dallas county, Tex., against S. C. Lewis and the Lewis Oil Corporation, a Texas corporation, and in his first amended original petition prays that he have judgment against Lewis and the Lewis Petroleum Corporation for his debt in the sum of $15,500, and interest, from January 1, 1922, and relief general and special.

His suit is based upon the following:

That on the 18th day of February, 1921, S. C. Lewis made and entered into a contract with him (Donoho) in words and figures substantially as follows:

"Fort Worth, Texas, Feb. 18, 1921.
"Mr. C. D. Donoho, Fort Worth, Texas—Dear Sir: I hereby make you a proposition for your properties in the town site of Burkburnett and known as the Donoho well, block 3 (three),

Wigham addition, consisting of approximately seven lots, together with the equipment thereon, as shown by statement furnished me, eleven thousand dollars in stock of the Monarch Petroleum Corporation, four thousand five hundred dollars in cash. The deal to be consummated upon delivery to me of abstracts showing a clear, merchantable title in and to said properties, together with proper showing that there is no outstanding unrecorded liens; it being understood that I shall have reasonable length of time to examine the title and verify the equipment on the property. I am to have the dividend that has accrued on the stock as of February 15, 1921. It is understood that your interest in this company is a seven-eighths working interest.

"If this proposition is acceptable, please indicate same on the bottom of this letter.
"Yours truly     [Signed]     S. C. Lewis."

It is alleged that on said 18th day of February, 1921, he (Donoho) accepted the offer and proposal of Lewis, which acceptance was written at the bottom and on the above letter, and in words as follows:

"Feb. 18, 1921.
"I accept the above proposition and agree to furnish abstract of title without delay.
"[Signed]     C. D. Donoho."

The petition then, without quoting its language, in appropriate words, states the legal liability as to each party arising out of the above proposition and its acceptance.

It is further alleged that pursuant to said contract and in compliance therewith, on or about —— day of ——, 1921, he (Donoho) executed and delivered to Monarch Petroleum Corporation a lease in and to said seven-eighths interest of the mineral rights in said property referred to in the above contract, and the equipment thereon, and which lease and assignment so made was, at the instance and request of Lewis, made to said Monarch Petroleum Corporation, and accepted by Lewis, and put of record in the deed records of Wichita county, Tex., where said properties are located.

The petition then alleges a breach of said contract to deliver said stock and pay said money. The petition further alleges that the Monarch Petroleum Corporation, with its assets, holdings, and properties had been absorbed, taken over, and became a part of the Lewis Oil Corporation, and its properties, assets, and holdings formed the basis and nucleus upon which the Lewis Oil Corporation was incorporated, organized, and is at this time doing business.

It is further alleged, in substance, that, by reason of the conveyance of the properties of the Monarch Petroleum Corporation to the Lewis Petroleum Corporation, the last-named corporation obligated, bound itself, and assumed to pay the obligations of the former corporation then outstanding and not closed,

and that by reason thereof the Lewis Petroleum Corporation became likewise indebted with Lewis to him (Donoho) and obligated to pay in full the par value of said stock and said money, viz. the sum of $15,500, and interest from the 1st day of January, 1921, and the petition so prays.

Lewis and the Lewis Petroleum Corporation answer by general demurrer, by special exceptions plead the statutes of limitations of two and four years. Defendants further answered by general denial. They also allege that Donoho did not furnish to defendant Lewis a good and merchantable title or a showing that there were no unrecorded liens, and that as a fact the property sought to be sold to Lewis by Donoho was not titled in Donoho, that at the time the contract was made there were outstanding liens, and that thereafter the liens were foreclosed, and the property put in the hands of a receiver through the court of Wichita county, and that defendant (Lewis) received none of the properties, but that, if Lewis did receive same the consideration for the purchase wholly failed, in that the title failed, and the lienholders foreclosed and took possession of the properties, and that, by reason of the failure of Donoho to comply with the contract as stated, defendants are not indebted to him.

Donoho, by supplemental petition, pleads several exceptions, general denial, and by special answer says that the deed to the property involved in this controversy was made and delivered to defendants after defendants had fully examined and caused to be examined the title to said property, and that defendants accepted the title; that, if there were any liens, recorded or unrecorded, against said property, at the time of the execution and delivery of the deed to the property, which he denies, then he says that Lewis knew and had full knowledge of the existence of certain purported claims against said property and with full knowledge thereof accepted said deed and agreed to take care of same to discharge all such purported claims and take the title as presented to him after a full and careful investigation of the title.

The trial court overruled all demurrers and exceptions of both parties, to which rulings each party excepted.

At the conclusion of the evidence, plaintiff tendered and requested the giving of a charge directing a verdict in his favor, which the court refused, and directed a verdict for defendants, and thereupon entered judgment for defendants, to all of which plaintiff excepted. On the overruling of plaintiff's motion for a new trial, plaintiff excepted, and has perfected this appeal.

## Opinion.

We will designate the parties as plaintiff and defendants as in the former statement of the cause of action and the result of the trial.

[1] No assignment of error by plaintiff, nor cross-assignment of error by defendants, is predicated upon the order of the court in overruling any or all of the exceptions to the pleadings, and thus eliminating all questions as to the sufficiency of the petition as stating a cause of action and the questions of limitations and other defensive matters in the answer. Nor is there a bill of exception or assignment of error to the admission or exclusion of any evidence. The correctness of the judgment entered would, in view of the record, seem to depend upon the facts established by the evidence heard, under the pleas of general denial of each party.

The evidence, while not voluminous, is too extensive to incorporate all of it in this opinion. We will, however, abbreviate and incorporate herein such of it as we deem necessary. The defendants offered no evidence, but rested at the close of the evidence by plaintiff.

A. C. Lewis, testifying by deposition, and on direct examination, said:

"Am the Lewis referred to in the suit, and am president of the Lewis Petroleum Corporation. Mr. Harwood Stacy examined the title to the property."

Witness had no copy of his opinion. Witness' recollection of the opinion is that the title as shown by the opinion was defective in many particulars; that there were outstanding liens and judgments against it and other objections which made it unmerchantable; remembers there were some judgments against plaintiff from Johnson county which had been abstracted in Wichita county.

On cross-interrogatories, said: It is a fact that on or about the 18th day of February, 1921, witness wrote a letter or proposal to plaintiff, C. D. Donoho, a copy of which is attached to the direct interrogatories propounded to witness marked "Exhibit A," and about which they inquire in the fourth direct interrogatory; had never delivered to plaintiff $11,000 in stock of the Monarch Petroleum Corporation, nor paid the $4,500 in cash, or any other amount, as consideration for the purchase of the properties. Plaintiff delivered no lease to witness. An assignment was delivered to witness to be held until titles were perfected. Witness was attorney for the Monarch Petroleum Corporation. Witness assumes that he directed plaintiff to whom to make the assignment. The Monarch Petroleum Corporation is now holding company, not actively engaged in development. It transferred its physical assets to the Lewis Oil Corporation in the latter part of 1921. The consideration was in stock and money. It had an authorized capital of $20,000,000. The par value of the shares of stock of the Lewis Oil Corporation is $10. There is no market value on the Monarch Stock at the present

time. On February 18, 1921, the Monarch stock was a speculative stock and probably had no market value.

The assignment of gas and oil mining lease from plaintiff to the Monarch Petroleum Corporation was introduced in evidence. After several whereases, apparently referring to previous assignments of the lease covering the property in controversy, and after getting down to Donoho, it recites that, for $1 paid, Donoho, the present owner of the lease and all rights, assigns said property to the Monarch Petroleum Corporation. Donoho covenants therein that he is the lawful owner of the lease and rights thereunder, and the personal property used or obtained in connection therewith, and has a right to sell, and that same is free and clear of all liens and incumbrances, etc. The instrument is dated May 6, 1921, and duly acknowledged. It shows to have been filed for record on January 2, 1922, and recorded January 7, 1922.

J. D. Kugle testified: Lives in Dallas; is engaged in the practice of law; knows Donoho and Lewis. About May, 1921, Donoho came to witness' office relative to a lease in Wichita county which he was selling to Lewis. Witness' connection with the matter was, quoting:

"That he had information from Mr. Lewis' attorney—Kiston, I believe was the name—I had the matter up with him, and I saw Mr. Lewis and talked with him in regard to this title. I had this conversation in Mr. Lewis' office. As I recall, there were some two or three questions in regard to the title, maybe an affidavit to be secured; I think I drew an affidavit covering some objection, and I turned it over with the papers to go in the abstract. My recollection is one or two objections were made and I took it up with Mr. Kiston and told him he ought to waive them, and he finally agreed to do so after rather insisting on them, provided Mr. Lewis would do so; anyway, Mr. Donoho and myself went to Mr. Lewis' office and talked with him about them, and he agreed to waive it. I drew an assignment. Mr. Lewis gave me the data from which it was drawn. I went back to my office and prepared it. * * * It was at the suggestion of Mr. Lewis that I prepared the assignment. Mr. Donoho signed it, and I carried it back to Mr. Lewis and delivered it to him, left it with him, and he accepted it. To make myself clear, there was one or two matters discussed at that time. The papers were to be left with Mr. Lewis and a judgment against Mr. Donoho. He was to go to Cleburne and get a release of that judgment, get that out of the way, that was all; was to secure a release of that judgment. * * * I do not know whether or not that judgment was paid. As I understood, that matter was concluded."

C. D. Donoho testified: Identified the instrument (assignment) exhibited as the one he executed and delivered to Lewis; Judge Kugle represented witness (plaintiff) in preparing it; Lewis told Kugle to draw it up; states the consideration to be the stock and money elsewhere referred to; neither has been delivered to him; describes the property conveyed as in the petition.

G. D. Wright testified: On direct examination said: Knows Donoho and Lewis; had conversation with Lewis after May, 1921; heard conversations between Lewis and Donoho in regard to amount due for the assignment of lease; states consideration as stated in petition and elsewhere in the record. "Mr. Lewis stated to me (witness) in regard to the value of this stock at the time of the transaction that it was better than par, if left with him he would make it quite a good deal."

On cross-examination, witness testified: Cannot give exact dates (of conversations) but best can give was February, 1921, and along from time to time. February was first time and then several times after that. "One time just prior to the time this well was to be sold under some purported claim, we had a notice and brought it to Lewis, and he said he would take care of it. I do not know whether that was after the assignment was delivered to him or not."

C. D. Donoho, recalled, testified on direct examination:

"It is true that objection was made to the title to this property was evidenced by the abstract that I furnished Mr. Lewis; that was regarding the judgment against me in Wichita county affecting the title to this property. I paid that judgment to the First National Bank of Venus."

On cross-examination, witness said:

"I paid the judgment a few days after I turned him over. * * * I don't know whether I received it up there or not. I brought the release and turned it over to Mr. Lewis. I don't know whether Howard Stacey ever saw this abstract or not. One of the objections raised was the judgment in favor of the Bank of Venus. I turned the deed over, and he was to advance money to take it up. I brought that release to Mr. Lewis and delivered it to him. I don't know whether it was put of record. That was after the execution of the assignment."

A lengthy paper of date February 15, 1922, purporting to be a letter written by Lewis to the stockholders of Lewis Oil Corporation, was read in evidence. We have not discovered the application of it to any of the facts of this case, except one expression:

"As many of you know, this company (Lewis Oil Corporation) was organized with the holdings of the Monarch Petroleum Corporation as a nucleus, which holdings represented the consolidated interests of five producing and refining companies, and at the present time form a very small part of 'our holdings.'"

Only one question is presented by the record for our decision, viz. Does the evidence found in the record necessitate any verdict or judgment other than the one rendered?

[2] The general denial pleaded by defendants put the burden upon the plaintiff of ex-

hibiting or introducing in evidence the contract as pleaded and upon which the plaintiff's suit is based, or of accounting for its absence. If the contract was put in evidence, or, if not, its absence accounted for, the record does not disclose that such was done. We have searched the record in vain for some pleading on the part of defendants or evidence that might show an admission on the part of defendants of the execution of the contract as pleaded.

The defendants pleaded a general denial, and any matters of defense thereafter pleaded in the answer, such as a failure on the part of plaintiff to furnish an abstract of title, or failure to present a merchantable title to the property, the subject-matter of the contract would not, under our system of pleading, lift the burden from the plaintiff of proving his case. Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 210 S. W. 737, and cases referred to.

In answer to a cross-interrogatory propounded to defendant Lewis he answered:

"It is a fact that on or about the 18th day of February, 1921, I wrote a letter or proposal to plaintiff, C. G. Donoho, a copy of which is attached to the direct interrogatories propounded to me by my attorneys, marked 'Exhibit A,' and about which they inquire in the fourth direct interrogatory."

But neither the interrogatory, the letter, nor the copy of the letter, is disclosed in the record, and we are not informed of its contents other than the above answer of the witness.

The view we take of the case, in view of the record before us, no other judgment than the one entered could properly have been entered, and the case is affirmed.

Affirmed.

#### On Appellant's Motion for Rehearing.

Appellant has filed a very forceful motion for rehearing, and, after a review of the case, we have concluded that we were in error in affirming the case in the former or original opinion. Without restating the case or the evidence heard on the trial, we will refer to it as in the opinion to make clear the conclusion we have reached on considering the motion.

[3] The uncontradicted evidence recited in the opinion discloses that an assignment of Donoho's interest in the properties mentioned in the agreement was executed and delivered to S. C. Lewis; that Lewis had full notice of the objectionable matters affecting the title as disclosed by the abstract, and with such notice had the assignment of the Donoho interest prepared, accepted its delivery, and agreed to waive the objections disclosed by the abstract, and several months later the assignment was placed of record in Wichita county.

By reason of the matters stated, the prior stipulations in the contract become merged in the deed, the contract is functus officio, and the rights of the parties rests thereafter solely on the deed.

The acceptance of the assignment by the vendee, with notice, and in the absence of fraud, is considered as a full compliance with the contract to convey, and as annulling it. Devlin on Real Estate and Deeds (3d Ed.) vol. 2, p. 1570, § 850a, and notes; Haralson v. Langford, 66 Tex. 111, 18 S. W. 339, R. C. L. vol. 27, p. 371.

The motion for rehearing is sustained. The case is reversed and here rendered in favor of appellant and against S. C. Lewis and the Lewis Oil Corporation, for $15,500, and interest at the rate of 6 per cent. per annum from January 1, 1922, and for all costs of suit.

#### On Appellees' Motion for Rehearing.

PELPHREY, C. J. [4] In the opinion of the majority the record indicates that the evidence has not been fully developed upon the defensive issues, wherefore the case should be reversed and remanded for retrial. Railway v. Robinson, 104 Tex. 482, 140 S. W. 434; Finberg v. Gilbert, 104 Tex. 539, 141 S. W. 82.

Justice WALTHALL adheres to the contrary view, and is of the opinion the judgment of rendition should not be disturbed.

In accordance with the view of the majority, the judgment of rendition is set aside, and the case ordered reversed and remanded.