BARNEY J. OWENS ET AL v. JOHN J. FOLEY.

Decided February 17, 1906.

**Bill of Review—Pleading—Judgment.**

In a proceeding in the nature of a bill of review the plaintiff must show not only his right to another trial, but that a hearing of his bill will probably have a different result. All parties interested in or under the former judgment must be parties to such proceedings, and the judgment rendered therein must dispose of all the issues presented in the bill of review and thus become a substitute for the judgment set aside. A judgment failing to do this is not a final judgment and an appeal therefrom will be dismissed.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*A. R.* and *W. P. Hamblen,* for appellants.

*Howard & Howard* and *Cobb & Campbell,* for appellee.

GILL, CHIEF JUSTICE.—This suit was brought by John J. Foley to set aside a judgment rendered in cause number 30,664 on the docket of the District Court of Harris County, entered by agreement and consent of parties in a case entitled Barney J. Owens et al. v. John J. Foley et al. There was a prayer also to set aside and annul a deed from Foley to Barney Owens and a deed from one Patrick J. Owens to Foley. It was averred that the exchange of these deeds was a part of the consideration for the agreement upon which the judgment was rendered in cause number 30,664, and that Patrick J. Owens was not the man from whom Foley wished and expected a deed, but was fraudulently represented to be the Pat Owens having a claim to the land mentioned in the deed, and that Foley was thereby induced to accept his deed as a part of the consideration for the judgment.

To all of which defendants interposed a general denial and plea of not guilty. They specially set up title in themselves to the lands sued for by force of the agreed judgment and otherwise, and prayed that the court might so adjudge.

On trial upon the merits the plaintiff prevailed. The judgment was to the effect that the Foley and Pat J. Owens deeds be annulled, that the judgment in cause number 30,664 be annulled and set aside, and that plaintiff recover his costs. The title to the various parcels of land were not adjudged, and cause number 30,664 was left open and pending upon the docket of the District Court.

A brief history of the controversy is necessary to a clear comprehension of the question we are called upon to decide, and we here give it as concisely as may be.

On October 7, 1897, John J. Foley recovered a money judgment against John Owens, Sr. Execution thereon was levied upon the lots in controversy in this suit, and they were advertised for sale to satisfy the judgment.

Thereupon Barney J., Patrick J., Michael J., Willie J. and Maggie Owens, as the children of John Owens, Sr., and his deceased wife,

brought the suit number 30,664, alleging that the property levied on was the separate estate of their deceased mother, and descended to them, the children, and was not subject to the execution of Foley for their father's debt. They prayed that the threatened sale under execution be enjoined and the property adjudged to belong to them. The injunction was issued and the sale enjoined, but, by oversight, some of the lots levied on were omitted from the writ of injunction, and these the sheriff sold and duly conveyed to Foley.

Cause number 30,664 coming on for trial, the parties came to an accommodation, and determined upon an agreed judgment, which was duly entered as the final judgment in that cause. By its terms the plaintiffs in that suit recovered lots three, four and eight, and fractional lot nine, and an undivided half interest in the remainder of lot nine; also an undivided half interest in fractional lot eleven, all in block one of the Fosgard addition to the city of Houston. Foley recovered only fractional lot ten of said addition. A part of the consideration for this agreed judgment was that the plaintiffs therein should procure from Pat Owens (who was not a party to said suit) a quit-claim deed to Foley, passing such interest as Pat Owens had in said lot, and Foley was to quit-claim to Barney Owens the half of seven-tenths of an acre in the Black Labor.

The present suit was brought on the theory that plaintiffs in the first suit had fraudulently palmed off on Foley a deed from Pat J. Owens for the deed he stipulated for from Pat Owens, a different man, and because of this fraud he sought to annul the judgment and his own deed to Barney Owens.

From this brief outline of the facts it is apparent that the judgment appealed from not only went no further than to set aside the judgment in cause number 30,664, and set aside the two deeds upon which the judgment was in part based, but it left pending and undisposed of the suit which resulted in the agreed judgment. We called counsels' attention to the probable lack of finality in the judgment appealed from, and invited argument on the point. Counsel for both sides have been heard, and counsel for appellee has moved to dismiss the appeal. Counsel for appellant concedes that all the issues are not disposed of, but insists that we should hear this appeal, because, if the appeal is dismissed, he has no means of reviewing the action of the trial court upon the issues so far tried.

In its general nature this proceeding is a bill of review, the purpose of which is to set aside a judgment not void, but voidable, upon a showing of the truth of the facts alleged, and to the same end to annul the deeds which were in part the basis of the judgment. For that purpose plaintiff was not only careful to make parties defendant in this proceeding all those who were parties plaintiff in number 30,664, but also those whose interests were affected by the transactions upon which the judgment was based. It is well settled that such a suit is in its nature an equitable suit for a new trial, and must, therefore, be brought in the court which rendered the judgment assailed. This suit was so brought. It is also true that the plaintiff in such an action must not only show his right to another trial, but that a hearing of his bill will probably have a different result.

The universal practice is to require the plaintiff in such an action to set up not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action, and render such a judgment as will be an effective substitute for the judgment set aside. (Overton v. Blum, 50 Texas, 424; Roller v. Wooldridge, 46 Texas, 485; Taylor v. Fore, 42 Texas, 256.) The necessity for the rule is obvious, and counsel do not question it. In the case last cited, it was held that a judgment setting aside the judgment assailed, and continuing the case for trial on the merits, was not a final judgment, and the appeal was dismissed.

In this case the violation of the rule is pronounced and its consequences confusing. The plaintiff has pleaded his whole case. The defendants have asserted claim also to the same property. The court has annulled the deed from Foley to Barney Owens, thus putting the title of that property back in Foley by force of his sheriff's deed. The judgment is annulled, thus leaving the title of the other property and all the issues in that case pending and unadjudicated. Just what would be the effect of this judgment in the light of the pleadings, if allowed to stand, we shall not undertake to determine. The confusion which would result from its consideration and affirmance but emphasizes the wisdom of the rule which requires the judgment to dispose of all the issues presented in the bill of review, and thus become a substitute for the judgment set aside.

We are of opinion the decree appealed from is not a final judgment, and the appeal must be dismissed. On the authority of Taylor v. Fore, supra, we also hold that, upon another trial, the court should try the whole case as an entirety, disposing at the same time of the right to reopen the judgment and the issues which arise in case it is reopened.

*Appeal dismissed.*

### ON REHEARING.

Appellants' motion for rehearing is overruled. We do not desire to add anything to what was written upon the question in the main opinion.

We stated in closing that, in our opinion, the order granting a new trial was ineffective, and that the case should be retried in its entirety. Appellee insists that the judgment was interlocutory, and should stand as an adjudication *pro tanto* of the issues involved in the cause. He protests against any expression of opinion on our part on the point, because the only question before us was the motion to dismiss. We agree with counsel that the exact point was not up for decision, and that, having dismissed the appeal, we had no jurisdiction to bind the trial court by a decision of other questions. While it is not unusual for Appellate Courts to offer suggestions believed to be helpful in view of another trial, we willingly declare that in this case it is a point not decided.

As the matter complained of was not carried into the order of dismissal, appellee's motion to reform is overruled.

*Overruled.*

Writ of error refused.