## COOPER v. COOPER.  (No. 7136.)

(Court of Civil Appeals of Texas. San Antonio. April 2, 1924.)

**1. Appeal and error ⊗⇒82(3)—Judgment vacating decree in another suit not "final decree"; hence not appealable.**

The judgment canceling and annulling a divorce decree *held* not a final decree, as it neither granted nor denied the divorce; hence an appeal therefrom will be dismissed for want of jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series; Final Decree or Judgment.]

**2. Judgment ⊗⇒405—Equity may grant relief from judgment in law court.**

Where the term at which the judgment was rendered ends without the defeated party availing himself of his remedy to secure a new trial, the case is effectively ended, and there can be no such thing as another trial at law, but under certain circumstances, such as where there has been fraud, or a person has been deprived of his rights through no fault of his own, courts of equity in the exercise of their discretionary powers may grant relief by re-examining the case upon its merits and rendering such aid as may be proper to protect rights jeopardized by the judgment.

**3. Judgment ⊗⇒460(1)—Requisites of pleading in equitable suit to set aside judgment in law court stated.**

Where an equitable suit is brought to set aside a judgment in a law court, it must be based on full and clear pleadings showing that the judgment was obtained by fraud, accident, or mistake, the party seeking relief has a meritorious cause of action or defense, he in no way contributed to the result by want of diligence, there is good cause to believe that another result will be reached on a re-examination of the case, and otherwise the party seeking relief will sustain irreparable injury.

**4. Judgment ⊗⇒464—Equitable suit to set aside judgment must dispose of every issue arising on merits.**

Where an equitable suit is brought to set aside a judgment of a law court, it is not contemplated that there shall be two trials, the one in which judgment is rendered setting aside the former judgment, and the other on the trial of the merits, but every issue arising on the merits must be disposed of and only one judgment rendered.

**5. Judgment ⊗⇒460(6)—Essential allegations of suit to set aside judgment at law.**

One suing in equity to set aside a judgment in a law court must in his pleadings set up not only his reasons for reopening the judgment assailed, but must allege facts enabling the trial court to determine the issues presented in the law action and render such judgment as will be an effective substitute for the judgment set aside.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Mrs. L. C. Cooper against H. T. Cooper. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

H. E. Crowley, John S. Morris, and Ocie Speer, all of Fort Worth, for appellant.

Marvin H. Brown and Chas. T. Rowland, both of Fort Worth, for appellee.

FLY, C. J. [1] This is a suit instituted by appellee to vacate and annul a certain judgment rendered in the same court on December 14, 1920, wherein appellant was granted a divorce from appellee. This suit was instituted on June 26, 1922, and was based on allegations of fraud on the part of appellant in obtaining a waiver of service in the original suit from appellee. Neglect and laches, on the part of appellee in prosecuting the suit for annulling the decree of divorce was pleaded by appellant. The cause was submitted to a jury on special issues, and upon the answers thereto, judgment was rendered forever canceling and annulling the decree of divorce.

Appellee alleged that the suit for divorce was filed on November 12, 1920, indorsing on the back of the original petition "W. Cooper v. L. Cooper"; that such indorsement was made to prevent the true parties from being known; that on or about November 19, 1920, appellant sent a certain named woman to appellee with what purported to be a copy of the original petition, to which was attached what was represented to be a waiver of service in the case; that said agent of appellant represented to appellee that appellant "was mentally unbalanced and very much agitated and that a certain physician, namely, Dr. W. D. Littler of Fort Worth, had told the said Elizabeth Ridgeway that unless your plaintiff signed the said paper and document designated as a waiver of service, and thereby relieved the mind of the said H. T. Cooper, the said H. T. Cooper would more than likely lose his mind, or do something desperate, or kill himself or your plaintiff, and the said Elizabeth Ridgeway then and there told your plaintiff that if she would sign the aforesaid document and thereby give relief of mind to the said defendant, H. T. Cooper, she, the said Elizabeth Ridgeway, would not give up and deliver to the said H. T. Cooper such executed and signed waiver until or unless your plaintiff consented to the delivery of the same to him by the said Elizabeth Ridgeway, and the said Elizabeth Ridgeway then and there promised your plaintiff that she would not deliver the same and even raised her hand in the presence of your plaintiff and swore to your plaintiff that she would not deliver the same." Appellee alleged that, thus persuaded by Elizabeth Ridgeway, she signed the waiver, but the same was delivered to Cooper and the divorce was granted. She alleged that the decree of divorce was falsely and fraudulently obtained and that she had a full and complete de-

fense to the suit and would present it on the trial, "in that she was not guilty of any conduct as alleged in the defendant's petition entitling him to a divorce."

[2, 3] No provision is made under the statutes of Texas for a new trial after the expiration of the term at which the judgment assailed was rendered. The law has provided rules for new trials at the term at which a judgment is rendered, and that legal remedy is lost by a party who has not availed himself of it in the manner and at the time prescribed by law. When the term ends the case is effectually ended, and there can be no such thing as another trial at law, but under certain circumstances, such as where there has been fraud and a person has been deprived of his rights, through no fault of his own, but has used due diligence to preserve them, courts of equity, in the due exercise of their discretionary powers, may grant relief by re-examining the case upon its merits and rendering such aid as may be proper and necessary to protect rights jeopardized by the judgment in the court of law. Taylor v. Fore, 42 Tex. 256. When such equitable action is taken, it must be based upon full and clear pleadings showing that the judgment was obtained by fraud, accident, or mistake; that the party seeking relief has a meritorious cause of action or defense; that he in no way contributed to the result by a want of diligence; that there is a valid excuse for not seeking a new trial; that there is good cause to believe that another result will be reached; and that otherwise the party seeking relief will sustain irreparable injury.

[4, 5] When such a petition for relief, at a subsequent term, is brought before the proper court, it is not contemplated that there shall be two trials, one in which a judgment is rendered setting aside the former judgment, and the other in a trial on the merits, but every issue arising on the merits must be disposed of and only one judgment rendered. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417. As said in the case of Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003:

"The universal practice is to require the plaintiff in such an action to set up not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action, and render such a judgment as will be an effective substitute for the judgment set aside."

In that case no action was taken except to cancel and set aside the judgment of which complaint was made; but it left the cause of action still pending between the parties, and the court held that such judgment was not a final one, and the appeal was dismissed. In this case the question of divorce between the parties remains undetermined, and in order to obtain a final judgment there must be

a decree either granting or denying the divorce in the cause, and deciding every issue presented therein. There is no judgment in the lower court from which an appeal can be prosecuted.

The appeal will be dismissed for want of jurisdiction.