EAGLE PHARMACY v. LAMB.    (No. 7204.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1924.)

Garnishment ⊚⟾187—Justice and equity held to require granting of garnishee's motion for new trial.

Where writ of garnishment directed service thereof on treasurer or vice president of garnishee, but writ was served on president who was principal defendant, and he permitted default judgment against corporation, *held*, that garnishee was entitled to new trial on motion, supported by affidavits that it owed nothing to defendant.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Garnishment by Mrs. J. W. Lamb against the Eagle Pharmacy, a corporation. A default judgment was entered against garnishee which moved for new trial. From judgment denying motion, garnishee appeals. Reversed and remanded.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J. Appellee recovered a judgment against E. L. Howard and E. R. Howard, jointly and severally, for $2,064.02, and failing to collect the amount through executions, obtained a writ of garnishment against appellant, a corporation of which Ford Lockett was alleged to be treasurer, H. G. H. Weinert, vice president, and E. R. Howard, president. Service was had upon the president of the corporation, and no answer having been filed, in due time, judgment by default was taken against appellant by appellee of $2,064.02, with 6 per cent. interest thereon from date of original judgment and all costs of the garnishment proceeding.

A motion was filed by appellant to set aside the judgment by default on several grounds, one being that garnishee did not owe anything to the defendants in the original cause, or have any effects belonging to them in its possession. The motion for new trial was supported by the affidavit of the president and the vice president of the appellant, and no controverting affidavit was filed by appellee.

In the application for the writ of garnishment it was alleged that Ford Lockett was treasurer, H. G. H. Weinert, vice president and manager, and E. R. Howard, its president, and it was also alleged that the said E. R. Howard was one of the judgment debtors. The writ commanded that the garnishee be summoned, "by serving its treasurer or its vice president and manager," but that was not done, but service was had on

---

the president. The allegations of the application for the writ of garnishment clearly indicated that the president of appellant was interested adversely to it, and when the writ was issued this fact was recognized by a command to the officer to summon the garnishee through another officer, who was not adversely interested. This was ignored by the officer, and the officer adversely interested was served, and he made it convenient to forget or neglect to file an answer to the writ, or to inform any other officer of the garnishee of the issuance of the writ. The garnishee filed a motion supported by affidavits that it did not owe either of the defendants any sum of money, that E. R. Howard's shares in the corporation were mortgaged for their full value, and it appearing that there was no neglect upon the part of anyone connected with the corporation, except that of the president who was served and was adverse to its interests, justice and equity demand that a new trial should be granted. No discussion is necessary to show the injustice of preventing the garnishee from presenting its defenses. Insurance Co. v. Storms, 6 Tex. Civ. App. 659, 24 S. W. 1122.

The judgment is reversed, and the cause remanded.