### BELL et al. v. COBB. (No. 7120.)

Court of Civil Appeals of Texas. Austin.
June 8, 1927.

1. Garnishment ☞178—Judgment by default, authorized by statute, in garnishment proceeding is based solely on failure of garnishee to answer writ (Rev. St. 1925, art. 4087).

Judgment by default, authorized by Rev. St. 1925, art. 4087, in garnishment proceeding is not dependent upon whether garnishee possesses funds or upon any other matter inquired about in writ, but is based solely upon failure of garnishee to answer writ.

2. Judgment ☞145(2)—In suit to set aside default judgment in garnishment proceeding because no actual service was had on garnishee, garnishee must prove meritorious defense (Rev. St. 1925, art. 4087).

In suit to set aside and enjoin enforcement of default judgment against garnishee, entered in accordance with Rev. St. 1925, art. 4087, reciting that due and legal service of writ of garnishment was had upon garnishee, on ground that garnishee had not been actually served with writ of garnishment, garnishee must allege and prove meritorious defense to judgment before being entitled to have it set aside and perpetually enjoined.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by Gertrude Cobb against J. F. Bell and others. From the judgment, defendants appeal. Reversed and remanded.

See, also, 292 S. W. 1116.

Lee R. Stroud and Merritt & Leddy, all of Dallas, for appellants.

Burgess, Burgess, Chrestman & Brundidge, M. N. Chrestman, and L. E. Elliott, all of Dallas, for appellee.

BLAIR, J. Appellee sued in the nature of a bill of review to set aside and to perpetually enjoin the enforcement of a default judgment, rendered against her, as garnishee, in a garnishment proceeding instituted by appellant Bell on a judgment in favor of him against one O. E. Cobb, alleging under oath that she had never been served with a writ of garnishment in the cause and that she had no notice of the garnishment proceedings until after the adjournment of the term of the court at which the default judgment was rendered and shortly before she filed this suit, when the sheriff of Denton county, Tex., levied an execution upon her land in satisfaction of the judgment; and she further specifically negatived as of all times each of the interrogatories propounded in the writ of garnishment which was supposed to have been served upon her. Appellant Bell controverted appellee's answer under oath, and later filed amended pleadings contesting her allegations of want of service of the writ and that she had no notice of the garnishment proceedings. The trial court seems to have concluded that if appellee had not been served with the writ of garnishment, or had no notice of the garnishment proceedings before the adjournment of the term at which the default judgment was rendered, the judgment was void and that an inquiry into whether appellee had a meritorious defense to the judgment was immaterial, and compelled the parties to join issues solely upon the questions of service of the writ and notice to appellee of the garnishment proceedings. The jury found on these issues for appellee, and the evidence sufficiently supports their findings. Judgment was accordingly rendered setting aside the default judgment, and appellant and the sheriff of Denton county were perpetually enjoined from enforcing it.

The default judgment recites that due and legal service of the writ of garnishment was had upon appellee, and the officer's return thereon shows that he legally served it upon her. The judgment also recites that, although appellee had been duly and legally served with the writ, she had wholly made default, etc., and all other facts necessary to confer jurisdiction were recited in the judgment and authorized its entry under provision of article 4087, R. S. 1925, relating to default judgments in garnishment proceedings.

[1, 2] The sole question here is whether, under the facts stated, it was necessary for appellee to have also alleged and proved a

meritorious defense to the judgment before she would have been entitled to have it set aside and perpetually enjoined. We have concluded that it was.

On principle, the recent case of Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254, is in point. It was there held that where one is seeking by equitable proceedings to set aside a default judgment which recites facts showing jurisdiction as to service, although no actual service was had, the party must, in addition to showing that fact, also allege and prove a meritorious defense to the suit or judgment before he would be entitled to the relief sought, upon the reasoning that:

"Courts of equity do not sit to remedy injuries wholly technical and insubstantial, and it would be a vain proceeding to set aside a judgment only in order to again render the same judgment."

In the recent case of Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 548, it was held that a default judgment, rendered by authority of the garnishment statute, supra, could only be set aside by showing not only want of notice of the default judgment, but that it must also be shown that the judgment is inequitable and unjust and that garnishee had a meritorious defense to the suit or judgment. An answer of a garnishee negativing the interrogatories propounded in the writ of garnishment like the one filed in this case has been held to set up a meritorious defense to the suit or judgment. Kentucky Oil Corporation v. David (Tex. Civ. App.) 276 S. W. 351; Id. (Tex. Com. App.) 285 S. W. 292; Eagle Pharmacy v. Lamb (Tex. Civ. App.) 265 S. W. 594.

This court held recently in the case of Barton v. Montex Corporation, 295 S. W. 950, that:

"Ever since the decision in Taylor v. Fore, 42 Tex. 256, it has been the uniform holding in this state that the trial court is without power to grant a new trial, as such, after the term has ended at which a judgment is rendered; and the only relief to an injured party other than by appeal, is by plenary suit setting up equitable grounds for the relief sought. In such suit the issues are not tried by piecemeal, but the entire case is opened up on its merits, and the relief prayed for is either denied or granted in the one proceeding. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003 (writ of error denied); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion (Tex. Civ. App.) 269 S. W. 449.

"A judgment in such suit, merely setting aside the former judgment, and not determining the rights of the parties asserted in the former suit, is uniformly held to be not final but merely interlocutory, from which an appeal will not lie."

The trial court seems to have taken the view that, since the statutes only impound the funds in the hands of garnishee upon actual service of the writ, the judgment was wholly void when want of service was shown, because garnishee could not voluntarily answer, and that the writ must yet be served before the court obtained jurisdiction over the funds. The judgment by default, authorized by statute, is not dependent upon whether the garnishee possesses funds or upon any other matter inquired about in the writ, but is based solely upon the failure of garnishee to answer the writ, and in this respect does not differ from the ordinary suit. The judgment is against garnishee personally, and no reason exists why a different rule in regard to showing a meritorious defense should be applied. All the issues can legally be tried in the equitable proceeding and thus avoid a multiplicity of suits.

From what has been said, we reverse and remand the cause for another trial in accordance with this opinion.

Reversed and remanded.