**SQUYRES v. RASMUSSEN et al.   (No. 7151.)**

Court of Civil Appeals of Texas. Austin.
June 8, 1927.

**1. Judgment ⬉⮞403—After adjournment of term at which judgment is rendered, only relief is by plenary suit in equity to obtain relief from judgment.**

Only relief from judgment, after adjournment of term of court at which judgment is rendered, is by plenary suit in equity to obtain relief from judgment, wherein plaintiff must show, first, a valid excuse for not appearing at trial or moving for new trial during term and, second, a meritorious defense.

**2. Judgment ⬉⮞463—In plenary suit in equity to obtain relief from judgment, entire controversy is heard in one proceeding.**

In plenary suit in equity to obtain relief from judgment after adjournment of term of court at which judgment was rendered, proper practice is to determine entire controversy both as to excuse for failure to appear at trial or to move for new trial during term and as to alleged meritorious defense in one proceeding.

**3. Jury ⬉⮞13(5)—In plenary suit in equity to obtain relief from judgment, either party is entitled to jury finding on issues involving excuse for failure to defend and alleged meritorious defense.**

In plenary suit in equity to obtain relief from judgment after adjournment of term of court at which judgment was rendered, either party is entitled to jury finding on issues involving excuse for failure to defend, and also upon issues involved in alleged meritorious defense.

---

⬉⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error** ⬦⇒78(6)—**No appeal lies from order merely granting new trial upon motion filed after term.**

Order merely granting new trial upon motion filed after term is interlocutory, and not a final judgment from which an appeal will lie.

**5. Judgment** ⬦⇒403—**Motion to set aside judgment alleging excuse for failure to defend and meritorious defense, on which citation was duly issued, should be treated as plenary suit in equity to obtain relief from judgment.**

Proceeding, styled a motion, in which prayer was that judgment be set aside and case reinstated and tried on its merits, in which allegations clearly set forth both an excuse for failure to appear at trial, or to move for new trial during term at which judgment was rendered, and meritorious defense to plaintiff's suit, and on which citation was duly issued, should be treated as plenary suit in equity to obtain relief from judgment.

Appeal from McCulloch County Court; W. N. Ellis, Judge.

Suit ·between A. P. Squyres and E. J. Rasmussen and others. From an order granting a new trial, A. P. Squyres appeals. On motion to dismiss. Appeal dismissed.

Newman & McCollum, of Brady, for appellant.

J. E. Shropshire, of Brady, for appellees.

McCLENDON, C. J. Appeal from an order granting a new trial upon motion filed after the term had expired at which final judgment was rendered. Appellees have moved to dismiss the appeal on the ground that the order appealed from is not a final judgment,' but merely interlocutory.

"Although the contrary might be inferred from some of the earlier decisions (8 Tex. 342; 9 Tex. 69; 17 Tex. 114), it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application (Taylor, Knapp & Co. v. Fore, 42 Tex. 256; Roller v. Wooldridge, 46 Tex. 485)." Overton v. Blum, 50 Tex. 417.

[1] The only relief in such case is by plenary suit in equity, wherein the plaintiff must show, first, a valid excuse for not appearing at the trial or moving for new trial during the term at which the judgment was ˜endered, and, second, a meritorious defense.

[2, 3] The proper practice in such cases is to determine the entire controversy both as to excuse for such failure and as to the alleged meritorious defense. The case is not tried piecemeal, but the entire controversy is heard in one proceeding; and where a jury is demanded either party is entitled to a jury finding on the issues involving excuse for failure to defend as well as upon the issues involved in the alleged meritorious defense. Taylor v. Fore, 42 Tex. 256; Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003 (writ of error denied); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion (Tex. Civ. App.) 269 S. W. 449; Barton v. Montex Corporation (Tex. Civ. App.) 295 S. W. 827; Bell v. Cobb (Tex. Civ. App.) 296 S. W. 976.

[4] It is the uniform holding that an order merely granting a new trial upon motion filed after the term is interlocutory, and not a final judgment from which an appeal will lie.

· Our attention is called to the case of Elevator Co. v. Kirkpatrick, 268 S. W. 278, wherein Chief Justice Fly, speaking for the San Antonio court, seems to hold that it was .proper for the trial court to enter an order granting a new trial in such proceeding, but that such order was not final, citing in this regard Stewart v. Jones, 9 Tex. 469, Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 606, Henderson v. Henderson (Tex. Civ. App.) 213 S. W. 315, and McVey v. McVey (Tex. Civ. App.) 230 S. W. 781. While Stewart v. Jones may be construed as supporting this holding, it is to be noted that it was cited and the holding distinctly disapproved in the above quotation from the opinion by Chief Justice Moore in Overton v. Blum, which has been subsequently followed by the Supreme Court.

[5] Appellant in opposition to the motion to dismiss insists that the trial court's order was absolutely void because it was entered not upon a plenary suit to set aside the judgment, but upon a mere motion for new trial filed after the term, and therefore the order · appealed from is final.

While it is true that the proceeding to set aside the judgment is styled a motion, and the prayer is that the judgment be set aside and the case reinstated and tried on its merits, the allegations clearly set forth both an excuse for failure to appear at the trial, or to move for new trial during the term at which the judgment was rendered, and a meritorious defense to plaintiff's suit. If the allegations set forth in the motion are true, the defendants are entitled to have the former judgment annulled and a judgment rendered in their favor in the cause of action upon which the judgment was based. Citation was issued upon the motion, and plaintiff appeared and contested it. The evidence was conflicting upon the several issues which the motion and contest raised. The motion should be treated as a plenary suit in equity to obtain relief from the judgment. and the issues raised by the motion and contest tried in one proceeding.

The appeal is dismissed.

Appeal dismissed.

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes