## SMITH v. KRAFT. (No. 691.)

Court of Civil Appeals of Texas. Waco.
Sept. 13, 1928.

Rehearing Denied Oct. 11, 1928.

Jas. P. Alexander, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

STANFORD, J. This suit was filed by appellant in the county court of McLennan county, Texas, against appellee, on February 18, 1924, to recover a commission on the sale of real estate. Appellee filed an answer in said cause February 21, 1924. On May 3, 1927, said cause was dismissed for want of prosecution; said order being as follows:

"The above numbered and entitled cause, coming on for hearing in its regular order, was by the court dismissed for want of prosecution, and all costs of court taxed against the plaintiff, for all of which let execution issue."

Thereafter, at a subsequent term of court, on September 29, 1927, appellant filed a motion to set aside the order of dismissal and to reinstate said cause. Said motion recites:

"Now comes Sidney P. Smith, plaintiff in the above styled and numbered cause, and moves and prays the court to reinstate the above styled and numbered cause on the active docket of this court for the following good and sufficient reasons, to wit:

"(1) That heretofore, on or about 5/3/27, under a void order of dismissal, Hon. James R. Jenkins dismissed quite a number of cases, including this case, and the fact of said dismissal did not come to the attention of the plaintiff or his attorneys until the 29th day of September, 1927, at which time they learned of said fact."

Then follows a statement showing fully how a misunderstanding arose between appellant and his attorneys, who filed this suit, by reason of which appellant understood that said attorneys were looking after said suit, and said attorneys understood appellant had procured other counsel, who were looking after same, and by reason of said misunderstanding appellant had no one present at the time of the dismissal, and did not know, and his counsel did not know, that the same had been dismissed until September 29, 1927, and said motion continued as follows:

"And in this connection they further show to the court that plaintiff is entitled to have his cause tried, and it is altogether within the discretion of the court to reinstate same upon the active docket of this court, and that plaintiff has a meritorious cause of action, as shown by plaintiff's first amended original petition, attached hereto and made a part hereof.

"Wherefore plaintiff prays that upon hearing that the order dismissing this case be set aside, that the order dismissing same be ―――― and this cause be reinstated, and for general and special relief."

The above motion was sworn to and filed September 29, 1927. On October 12, 1927, notice was issued, commanding the sheriff―

"to summon J. B. Craft to appear on the 24th day of October, 1927, * * * to show cause why the application of the plaintiff, Sidney P. Smith, in cause No. 13509, as filed on the docket of the clerk of the county court at law, should not be granted, wherein the plaintiff, Sidney P. Smith, has filed a motion to set aside an order of dismissal in said cause, a copy of which is hereto attached, certified to by the clerk."

This citation was served on October 12, 1927. On October 24, 1927, the court entered an order in part as follows:

"On this, the 24th day of October, 1927, came on to be heard the motion and bill of review to reinstate the above numbered and entitled cause of action on the active docket of this court, and it appearing to the court that citation was duly issued to the defendant in said cause, requiring him to appear and show cause why said order to reinstate should not be granted, * * * and the pleading and evidence were heard relative to said motion, the court is of the opinion that said motion should be granted and that the cause should be reinstated on the active docket of this court. It is therefore ordered, adjudged, and decreed by the court that the order of dismissal of this cause entered on the minutes of this court in volume O, page 26, affecting this cause, should be set aside and held for naught and that this cause should be reinstated upon the active docket of this court."

Later another formal order was entered on the same motion, reinstating said cause. On February 16, 1928, appellant, as plaintiff in said original cause, filed his second amended original petition, and on the same day defendant, appellee herein, filed his first amended original answer, pleading, among other things, that plaintiff's cause of action was barred by the two-year statute of limitation. On February 17, 1928, said cause was tried, and in response to special issues the jury found in favor of appellant. On February 18, 1928, plaintiff, appellant here, filed a motion for judgment in his favor. On February 22, 1928, appellee, as defendant therein, filed a reply to plaintiff's said motion, in which he set out fully that the two orders reinstating said cause, and all subsequent orders and proceedings in said cause, were void, attaching copies of said orders and all proceedings had in connection with the entry of same, and asked that said orders be canceled and annulled, and that all subsequent proceedings in said cause be adjudged to be void, etc. The court overruled appellant's motion for judgment on the verdict of the jury, and granted the appellee's motion to set aside said two orders reinstating the case, and adjudged said two orders reinstating said cause, and all subsequent proceedings, to be void, and adjudged that the original order of dismissal by the county court, dated May 3, 1927, and recorded in Book O, page 26, of the minutes of said court, remain in full force and effect. From this judgment, appellant has appealed, and presents the record here for review.

Appellant, by proper assignment of error and propositions, contends, in effect: That the trial court erred in overruling his motion for judgment on the findings of the jury in response to special issues submitted, and that the court further erred in granting appellee's motion to set aside the orders reinstating the case and adjudging said two orders and all subsequent proceedings in the case to be void, and that the original order of dismissal of May 3, 1927, remained in full force and effect. The disposition of the latter question necessarily disposes of the first. If the pleading, denominated "A Motion to Set Aside the Order of Dismissal and to Reinstate the Case," be treated only as a motion for new trial, being filed after the term, then the order granting same was void for lack of jurisdiction in the court to make such order. Article 2232, § 4, Revised Civil Statutes; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Carter v. Commissioners, etc., 75 Tex. 286, 12 S. W. 985; Overton v. Blum, 50 Tex. 417; Green v. Green (Tex. Com. App.) 288 S. W. 406; Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; J. M. Hudgins v. T. B. Meeks Co. (Tex. Civ. App.) 1 S.W.(2d) 681.

■■ However, if said proceeding be treated as an equitable proceeding in the nature of a bill of review, then the court had jurisdiction to entertain same, and the order of the court setting aside the order of dismissal and reinstating said cause, while it may have been irregular, as hereinafter explained, it was not necessarily void. Our practice contemplates such equitable proceeding shall be docketed, numbered, and tried as a separate suit, wherein the plaintiff must show a valid excuse for not appearing at the trial, or moving for a new trial during the term at which the judgment of dismissal was entered, and must also show a meritorious cause of action, and, as is said in Squyres v. Rasmussen et al. (Tex. Civ. App.) 296 S. W. 977:

"The proper practice in such cases is to determine the entire controversy, both as to excuse for such failure and as to the alleged meritorious defense. The case is not tried piecemeal, but the entire controversy is heard in one proceeding; and where a jury is demanded either party is entitled to a jury finding on the issues involving excuse for failure to defend as well as upon the issues involved in the alleged meritorious defense."

See cases cited.

■ True, the proceeding here involved was styled "A Motion to Set Aside the Order of Dismissal and Reinstate Said Cause," and it was not docketed and numbered as a separate proceeding, and the whole controversy was not disposed of in one proceeding. While these matters are to be considered in determining the question here involved, they are by no means decisive of such question. As to whether such proceeding is a mere motion or an equitable proceeding should be controlled more by the allegations of the pleading and

474

their relation to the nature of the case. The allegations clearly set forth the facts tending to excuse appellant for failure to appear at the trial, or to move for a new trial during the term at which the judgment was rendered, and showed clearly that, by reason of a mistake of fact, without any negligence on his part, appellant was prevented from being present at the time the case was called for trial and the dismissal entered. Said pleading also, by exhibit attached and made a part of same, alleged the facts showing a meritorious cause of action against appellee. Said pleading was duly sworn to, was filed, and citation issued and served on appellee, commanding him to appear on the hearing. Appellee did appear, the court heard the evidence introduced by both parties, and, after hearing same, set aside the order of dismissal and reinstated said cause. Said pleading presented equitable grounds for relief, and was sufficient to invoke the equity powers of the court, and to authorize him, in the exercise of such powers, to grant the relief sought by appellant. Said pleading, we think, was an equitable proceeding in the nature of a bill of review, and should have been and doubtless was at the time so treated by the court when he set aside the dismissal and reinstated the case. Osborn v. Younger (Tex. Com. App.) 235 S. W. 558; Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Squyres v. Rasmussen (Tex. Civ. App.) 296 S. W. 977; Nachant et al. v. Monteith (Tex. Com. App.) 299 S. W. 888.

The proceeding, however, was irregular, in that all the issues, the right to have the case reinstated and the case tried on its merits, were not disposed of together in one trial. The judgment of the court herein is fundamentally erroneous. The issue made by the pleadings was whether or not appellant was entitled to recover of appellee commissions. That was the issue tried, but the judgment in no way disposed of said issue, but purported to cancel certain orders, the validity of which was not put in issue in the trial of the case by any pleading. The judgment of the court is also inconsistent with the holding of the court, in that he held, and adjudicated in substance, that the original order of dismissal was still a valid and subsisting order, and that the two orders purporting to set same aside, and all other proceedings had in the case after the order of dismissal was entered, were wholly void. If this were true, then the judgment itself, making said adjudication was void, and ineffectual to cancel or validate any previous order.

As this case was tried on the supposition by appellant and the court that the judgment of dismissal had been legally set aside, and on the theory by appellee that it had never been legally set aside, and that a dismissed case was being tried, and as the proceeding result- ing in the order of reinstatement is not before us, we do not think we should render judgment on the findings of the jury, but that the case should be reversed and remanded, to be tried in one proceeding on both appellant's right to have the order of dismissal set aside and also on its merits. Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003 (writ refused); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion et al. (Tex. Civ. App.) 269 S. W. 449. It is true, the judgment was one of dismissal for want of prosecution, and plaintiff, appellant here, without seeking to set same aside by an equitable proceeding, could have ignored same, and brought another suit at law on the same cause of action; but in such case limitation would have continued to run until the filing of such second suit. Hence the importance of the equitable proceeding to set aside the judgment of dismissal, and to reopen and try the whole case as an entirety, and render judgment disposing of all issues presented in the bill of review, and the judgment thus rendered becoming a substitute for the one set aside. Taylor v. Fore, 42 Tex. 256; Owens v. Foley, supra.

The cause is reversed and remanded.