## TEXAS EMPLOYERS' INS. ASS'N et al. v. SHELTON.
### No. 3045.

Court of Civil Appeals of Texas. El Paso.
July 19, 1934.

Shelby S. Cox, and Lawther, Cox & Cramer, and Willis & West, all of Dallas, for appellants.

G. O. Crisp and Ashworth, Crisp & Ashworth, all of Kaufman, for appellee.

WALTHALL, Justice.

Plaintiff, by next friend, brought this suit in the district court of Henderson county, against appellants, Texas Employers' Insurance Association, and J. M. Willis and John West a copartnership, in cause No. 9898.

Without stating the pleadings at length, it appears therefrom that on March 25, 1932, the Texas Employers' Insurance Association had filed its suit in the district court of Henderson county against O. S. Shelton (plaintiff in this suit) to set aside an award made by the Industrial Accident Board of Texas in favor of O. S. Shelton in a compensation case, against the Texas Employers' Insurance Association; the number of that suit on the docket being 9898. The petition alleged that theretofore in cause No. 9901, in the Henderson county district court, O. S. Shelton had also filed his suit to set aside the said award made by the Industrial Accident Board, and that the trial court had made an order consolidating the said two suits, Nos. 9898 and 9901.

Apparently the suit then proceeded to trial under No. 9898.

The petition alleged that the trial resulted in a compromise settlement by which the Texas Employers' Insurance Association paid to O. S. Shelton the sum of $2,250 "in full settlement for the injuries received by him," and that the trial court in that suit as consolidated entered judgment that O. S. Shelton "upon his cross-action herein" have judgment for said sum of $2,250 and his costs, and that out of said recovery Willis & West, O. S. Shelton's attorneys, have $750 as attorney fees; that coincident with the judgment, said amount of the judgment was paid, and the court decreed that no execution issue, except for costs.

As ground for setting aside the said compromise agreement and the said judgment, the petition alleged at length that O. S. Shelton, by reason of his injuries, was of unsound mind, a part of his brain had been removed, he had been having convulsions, was too weak in mind to understand the nature of the said compromise agreement and settlement, etc.

The petition alleged: "That under and by virtue of the laws of this state, the said O. S. Shelton was entitled to recover of the defendant herein, on account of said injuries $15.12 per week, being 60% of his average weekly wage, for 401 weeks, making a total sum of $6048.00; that he was induced, as aforesaid, to make settlement for less than one-half (1/2) the amount he was entitled to recover in said suit and that said judgment so entered is void for the reason that at the time the same was entered the said O. S. Shelton was a non compos mentis, and had no legal guardian and no guardian ad litem was by the court appointed to represent him and take care of his interest."

O. S. Shelton then prayed "that upon final hearing hereof said judgment and decree of the court as aforesaid be set aside and held for naught, and that said suit be restored to the trial docket of this court and for all costs of this proceedings, for such other and further relief, both special and general, in law and equity to which he may be justly entitled."

At the suggestion of Texas Employers' Insurance Association, Willis & West were made parties defendant.

All defendants answered separately and pleaded a general demurrer and general denial.

The court overruled the general demurrers and defendants excepted. Texas Employers' Insurance Association submitted a special charge instructing a verdict in its favor, which the court refused, and Texas Employ-

ers' Insurance Association excepted. The court submitted one issue to the jury, whether the mental condition of O. S. Shelton was such that he did not understand the nature and consequence of the contract he was entering into when he made the settlement in question. The jury answered, "Yes." The court entered judgment that said judgment theretofore rendered in cause No. 9898 be set aside, and that said cause No. 9898 be restored to the trial docket, and that O. S. Shelton recover his costs.

All defendants filed a joint motion for a new trial, which the court overruled, defendants excepted, and Texas Employers' Insurance Association prosecutes this appeal.

## OPINION.

Appellant filed assignments of error to the action of the trial court in overruling its general demurrer, and based thereon submits two propositions substantially as follows:

First, this action being what purported to be a bill of review to set aside a final judgment theretofore rendered in another cause, appellee's petition was insufficient in law because he did not allege a cause of action upon the merits of the original cause; and,

Second, appellee's petition was insufficient in law because he did not pray for judgment upon his original cause of action, but only for the setting aside of the former judgment and the restoring of the original cause to the trial docket.

Appellant · argues that appellee's petition but constituted a delayed motion for a new trial in the original case and that such a pleading is condemned by the cases cited, citing Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Hermann Hospital Estate v. Nachant (Tex. Com. App.) 55 S.W. (2d) 505.

Appellee submits that the suit is a bill of review to set aside the compromise agreed judgment theretofore rendered, set out in the above statement, and submits that the petition is sufficient as a bill of review. Appellee refers to Wallis et al. v. Stuart, 92 Tex. 568, 50 S. W. 567, and Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 690, as sustaining his position.

We think we need not undertake to harmonize or distinguish the cases referred to, if there is a difference in the holdings in the cases.

In their oral argument it was suggested that the judgment entered was not a final judgment, and for that reason the appeal should be dismissed.

It is established by a host of decisions that, in the absence of statutory provision to the contrary, an appeal will not lie from a judgment which lacks the essential characteristics of finality. 3 Tex. Jur. title Appeal and Error, § 53.

If the judgment appealed from is not final, the appeal should be dismissed. Article 2249, R. S., as amended by Acts 1927, c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249).

A judgment may be final in the appealable sense "without being final as to the subject-matter in litigation. 1 Freeman on Judgments (5th Ed.) § 27.

In Winter Garden L. Co. v. Zavalla-Dimmit C. W. I. Dist., 5 S.W.(2d) 606, 609, this court said: "But no hard and fast definition of 'final' judgment, applicable to all situations, can be given, since its finality depends somewhat upon the purpose for which and the standpoint from which it is being considered, since it may be final for one purpose and not for another. Clearly, it is not necessary that a judgment be final in the sense that it will operate as a bar or estoppel in another action, in order that it be appealable."

In that case the finality of a judgment for the purpose of appeal was sustained, .though it did not finally dispose of all issues between the parties; the undisposed of issues being dismissed without prejudice.

In the present case the plaintiff sought only to have the former judgment set aside and the original suit restored to the trial docket.

The judgment granted such relief in full and thereby fully disposed of all issues presented by the pleadings.

Under such circumstances, and under the authority of the last-cited case, we are of the opinion the judgment here is final in the appealable sense and this court has jurisdiction to dispose of the appeal upon its merits.

This suit is an equitable proceeding, a bill of review to set aside the agreed judgment previously entered in the same court at a previous term, and for reasons set out in the bill.

As said by the court in Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, the universal practice is to require the plaintiff in such an action to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original

action and render such judgment as will be an effective substitute for the judgment set aside. Such was not done in this case nor asked to be done. To do otherwise leads to endless confusion. Here the bill sets out the grounds for setting aside the judgment assailed and stated some facts additional tending to show a meritorious cause of action for a judgment for an amount in excess of the judgment sought to be set aside; but the trial here ended with the setting aside of the former judgment.

One suing to set aside a judgment voidable on a showing of the facts alleged in the bill must, in his pleading, not only show his right to another trial, but set up facts sufficient to authorize the court to determine the issues presented in the former suit, and render such judgment as will be an effective substitute for the one set aside.

We are of the opinion that the petition is subject to general demurrer because it failed to set up a meritorious cause of action in the original suits between the parties and seek an adjudication thereof. Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963; Hermann Hospital Estate v. Nachant (Tex. Com. App.) 55 S.W.(2d) 505.

For the error in overruling appellants' general demurrer, the judgment is reversed and the cause remanded.