## STONE v. STONE.

### No. 3369.

Court of Civil Appeals of Texas. El Paso.
Feb. 4, 1937.

C. F. Stevens and Ernest K. Myers, both of Houston, for appellant.

J. L. Webb, of Houston, for appellee.

WALTHALL, Justice.

On May 24, 1933, appellee, in the name of P. Silver Stone, filed a suit for divorce in the One Hundred Thirteenth judicial district court of Harris county, against appellant as Blanche S. Stone. Appellee's petition alleged his marriage to appellant on August 8, 1920, and that he continued to live with appellant until on or about April 10, 1930, at which time he separated from her for reasons stated.

Appellant filed no answer in the case, and on July 1, 1933, a decree of divorce was granted appellee. The divorce was granted upon what purported to be a waiver of the issuance of citation and service, for the June term, 1933, and acknowledged before a notary public of Harris county.

On the 8th of August, 1933, appellant had the first personal information of the divorce. She was then in Dallas, Tex.

On August 12, 1935, appellant filed this proceeding in the One Hundred Thirteenth district court of Harris county; it has the same style, the same docket number, and is filed in the same court, as the divorce suit; the proceeding is designated "motion and petition of defendant."

The pertinent allegations in the motion and petition are to the effect: Her marriage to appellee, and that they are still husband and wife; that appellee, on July 1, 1933, had obtained a divorce in this cause; that she had never been served in person with any character of citation, had

never entered an appearance, and that the pretended waiver of citation and service filed in the case purporting to be executed by her was a forgery; that she did not sign the waiver nor authorize any one to sign it for her.

She prays that the decree granting the divorce be set aside, and for such further relief as to the court may seem proper.

The motion and petition makes no denial of any of the facts alleged by appellee as grounds for the divorce; nor does it allege any facts to show that appellant has a meritorious defense to the divorce suit, nor that she has in no way contributed to the result by any want of diligence, or that there is good cause to believe that another result would be reached, nor reason why the divorce should not have been granted, other than that appellant was not duly cited to answer the divorce suit.

The trial court entertained jurisdiction, and found the facts substantially as alleged, and further found that appellant for a long period of time received money from appellee, and as long as payments were made regularly to her she took no legal action toward setting aside the divorce decree, and on August 12, 1935, filed the motion and petition in the original cause, as above stated. The trial court found that the alleged waiver of citation and service in the divorce suit was never signed or executed by appellant.

The trial court concluded as a matter of law that it was incumbent upon appellant to act with reasonable diligence to set aside the divorce decree when information of such decree comes to her, and that such action on her part must be alleged and proved, and that because of her failure to plead and prove that she had acted with such diligence, the relief she sought should be denied, and in his conclusion of law referred to the holding of the Commission of Appeals in Osborn v. Younger, 235 S.W. 558.

The court made no order in any way affecting the decree of divorce, entered an order denying appellant the relief prayed for; appellant presents this appeal.

The trial court considered the proceeding filed herein by appellant to be in the nature of a bill of review seeking to set aside the decree of divorce, granted appellee on July 1, 1933, and we will so regard it.

■ As said by the San Antonio Court in Cooper v. Cooper (Tex.Civ.App.) 260 S.W. 679, no provision is made under the statutes of Texas for a new trial after the expiration of the term at which the judgment assailed was rendered; when the term ends, the case is effectually ended, and there can be no such thing as another trial at law, but under certain circumstances, such as when there has been fraud and a person has been deprived of his rights, through no fault of his own, but has used due diligence to preserve them, courts of equity, in the due exercise of their discretionary powers, may grant relief by re-examining the case upon the merits, and render such aid as may be proper and necessary to rights jeopardized by the judgment in the court of law, and referred to Taylor v. Fore, 42 Tex. 256. When such equitable action is taken, it must be based upon full and clear pleadings showing that the judgment was obtained by fraud, accident, or mistake; that the party seeking relief has a meritorious cause of action or defense; that he in no way contributed to. the result by a want of diligence; that there is a valid excuse for not seeking a new trial; that there is a good cause to believe that another result will be reached; and that otherwise the party seeking relief will sustain irreparable injury. The court further held that when such a petition for relief, at a subsequent term, is brought before the proper court it is not contemplated that there shall be two trials, one in which a judgment is rendered setting aside the former judgment, and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and only one judgment rendered, and referred to Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417. As said in Owens v. Foley, 42 Tex.Civ.App. 49, 93 S.W. 1003, 1005, "The universal practice is to require the plaintiff in such an action to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action and render such a judgment as will be an effective substitute for the judgment set aside."

We have referred extensively to the Cooper v. Cooper Case for the reason that we believe the case is applicable and determinative of the instant case.

■ The rule has been well established that when a petition for relief at a subsequent term is brought it is not contemplated that the cause shall be divided and

tried by piecemeal; one in which a judgment is rendered setting aside the former judgment, and the other merely, as requested here, but every issue arising on the merits must be disposed of; and the relief as prayed for arising on the issues pleaded and proved must be disposed of, must be denied or granted in one proceeding. Humphrey v. Harrell (Tex.Com. App.) 29 S.W.(2d) 963, and cases there noted. An order which merely vacates the former judgment assailed without disposing of the merits of the controversy between the parties is not a final judgment from which an appeal will lie. Hubbard v. Tallal (Tex.Com.App.) 92 S.W.(2d) 1022.

We have concluded that the order of the court denying the relief prayed for was the proper disposition to be made of the case.

The case is affirmed.