CLEGHORN et al. v. CHICAGO, R. I. & P. RY. CO. et al.

No. 6011.

Court of Civil Appeals of Texas. Amarillo.

Dec. 12, 1949.

Rehearing Denied Jan. 23, 1950.

Harold C. Heiss and Russell B. Day, Cleveland, Ohio, Underwood Wilson, Sutton, Heare & Boyce, Amarillo, Bruce Dwinell, Chicago, Illinois, Frank Tatum, Dalhart, Thompson, Walker, Smith & Shannon, Fort Worth, for appellees.

STOKES, Justice.

This suit was instituted by the appellants, Fenton A. Cleghorn, and thirty-eight others, members of Clarendon Lodge No. 325, Brotherhood of Locomotive Firemen and Enginemen, located at Amarillo in Potter County, against the appellees, Railway Company, and Plains Lodge No. 105 of the Brotherhood of Locomotive Firemen and Enginemen located at Dalhart, in Dallam County. Both of the lodge organizations are railway labor unions and are subordinate lodges of the Brotherhood of Locomotive Firemen and Enginemen, an international railway labor organization with its central office located at Cleveland, Ohio. The suit was originally instituted against the Chicago, Rock Island & Gulf and Chicago Rock Island & Pacific Railway Companies but appellee, Railway Company, through legal processes, succeeded to all of the rights, obligations and liabilities of both companies and the pleadings in the instant case conform to such change. The purpose of the suit was to procure an injunction against the Railway Company, enjoining it from employing and utilizing the services of the members of Plains Lodge in maintaining and operating trains over a line of railway belonging to it and extending from Amarillo in a northeasterly direction to Liberal, Kansas, referred to in the record as the "A. C. R. line" and to enjoin the Plains Lodge and its members from performing services for the Railway Company in operating and maintaining its trains over such line and also to establish their seniority rights as employees of the Railway Company on the named line of railroad.

Appellants alleged their cause of action in two separate and distinct divisions. The first division or count was based upon an alleged oral and written contract between certain citizens of the City of Amarillo,

Reeder & Reeder, Amarillo, for appellants.

including some members of appellants' lodge and the predecessors of appellee, Railway Company, under the terms of which appellants contend they acquired all of the employment and seniority rights as employees of appellee, Railway Company, upon its A. C. R. line of railway from Amarillo to Liberal, Kansas. They alleged that the railway company had violated and was still violating such rights of employment and seniority and sought judgment enjoining it from doing so. The second division or count of their petition, to which they refer as their alternative plea, was based upon their right to complete seniority as employees of the Railway Company on its A. C. R. line as a matter of right. They alleged that a controversy arose between them as members of Clarendon Lodge No. 325 and appellee, Plains Lodge, as to the seniority rights over the A.C.R. line before the line was completed; that their contention was that they were entitled to all of the seniority and that the members of appellee, Plains Lodge, were entitled to the seniority on another line of appellee, Railway Company, which joins the A. C. R. line at Liberal, Kansas; that the members of appellee, Plains Lodge, were contending that they were entitled to a portion of the seniority rights of the A. C. R. line; and that in August, 1929, a meeting was called by the general superintendent of the A. C. R. line to adjust the matter; that the meeting was held at Dalhart, and, no agreement being reached as between the two contending factions, the superintendent announced that train crews would be assigned on the basis of fifty per cent from one contending faction and fifty per cent from the other. They alleged that they were not satisfied with such an adjustment and that, pursuant to the provisions of the constitution of the Brotherhood of Locomotive Firemen and Enginemen they appealed the decision of the superintendent to the various authorities having jurisdiction within the international brotherhood to adjudicate such controversies. They alleged that the board of directors of the international organization was the tribunal of last resort within the organization; that the constitution provided for appeals of such matters to the board of directors from the decision of the international president; and that, when the international president decided the controversy, they were not satisfied and they appealed to the board of directors. They alleged that the board of directors arbitrarily and without just cause refused to consider their appeal and that they, therefore, had the right to institute the instant case in the courts and to a judgment enjoining the appellee, Railway Company, from employing members of the Plains Lodge as operatives of its trains on the A. C. R. line and enjoining the Plains Lodge and its members from performing such services on that line. It will thus be seen that, in the second division of their cause of action, which they term their alternative plea, appellants sought to have the court adjudicate their rights to seniority on the A. C. R. line under the constitutional provisions of the brotherhood of which they were members and irrespective of the provisions of the contract upon which they based the first count or division of their cause of action.

Appellees filed and urged ten special exceptions to appellants' pleading, four of which were overruled and the other six sustained. Those sustained by the court were leveled at that portion of the appellants' pleading which set up a cause of action upon the alleged contract between certain citizens of the City of Amarillo and the predecessors of appellee, Railway Company, the result of which was completely to destroy appellants' cause of action upon the contract.

The third special exception was leveled at appellants' second count based upon their alleged rights under the constitution of the Brotherhood of Locomotive Firemen and Enginemen which constituted the subject matter of the controversy between appellants and appellees in the meeting at Dalhart in August, 1929. The basis of this exception was that appellants' petition showed upon its face that they had not timely exhausted their remedies of appeal to the tribunals within the brotherhood and that it failed to allege any excuse for their failure to do so. This special exception of appellees was overruled by the court. The

special exceptions sustained by the court were based upon the contention of appellees that appellants' pleading showed upon its face that the alleged contract was not entered into by the authorities and representatives of appellants that are designated by the national Railway Labor Act as enacted by the Congress of the United States, 45 U.S.C.A. § 151 et. seq. When the court sustained the exceptions, appellants' counsel announced to the court that, if the national Railway Labor Act applied to the contract, as ruled by the court, then appellants had no cause of action upon the contract and that they were unable to amend their pleading so as to comply with the terms and requirements of the Act in connection with any contract they had for employment and seniority rights over the A. C. R. line of railway. They thereupon declined to amend their pleading in that respect. Upon the announcement of appellants that they declined to amend their pleading in respect to the alleged contract, the court dismissed their entire cause of action.

Appellants present and urge six assignments or points of error but, in the view we take of the case, it will be necessary to discuss only one of them. By their fourth assignment they assert that the court should not have dismissed the suit upon sustaining appellees' special exceptions but, even if the court was correct in sustaining them, it should have ordered stricken the allegations in appellants' pleadings to which the exceptions were directed and permitted appellants to go to trial upon the merits of their alternative plea. We think this assignment of error is sufficient to bring into question the finality of the judgment entered by the court below but, if it should not be sufficient to do so, that question is fundamental and jurisdictional because, with certain exceptions that have no application here, appeals may be prosecuted only from final judgments entered in the trial court. As we have noted above, the special exceptions urged by appellees in the court below and sustained by the court were leveled at that portion of appellants' petition which based their cause of action upon the alleged contract between certain citizens of Amarillo, including some of the appellants, and the predecessors of appellee, Railway Company. The third special exception was leveled at that portion of appellants' pleading which based their cause of action upon their rights and remedies involved in their appeals within the brotherhood. That special exception was overruled by the court. The ultimate effect of the action of the court in sustaining special exceptions pertaining to the alleged contract and overruling the special exception to that portion of the petition which based the cause of action upon the rights which appellants alleged they had under the constitution of the international brotherhood was to eliminate from appellants' cause of action all of their allegations relating to the alleged contract and leave for adjudication on its merits their alleged cause of action upon their alleged rights under the constitution of the international brotherhood. From this it will be seen that the judgment did not dispose of all the issues presented by the pleadings for adjudication. A final judgment is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject matter included in the pleadings. It terminates the litigation of the parties on the merits of the case to the extent that nothing remains to be done but to execute the judgment according to its terms and, with certain exceptions provided by statute, of which this is not one, no appeal lies from an interlocutory order or judgment that is not final. Linn v. Arambould, 55 Tex. 611; Havard v. Carter-Kelley Lumber Co., Tex. Civ.App., 162 S.W. 922; Ware v. Jones, Tex.Com.App., 250 S.W. 663; Southern Trading Co. of Texas v. Feldman, Tex. Com.App., 259 S.W. 566; Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600.

While it is well established by the authorities above cited and many others, that no appeal lies from an interlocutory order or a judgment that is not final and, ordinarily, such an appeal will be dismissed, there is a well established modification to the hard and fast rule. A judgment may be final so as to authorize an appeal from the court in which it was rendered although

it is not a final judgment as to the subject matter in litigation. The judgment entered by the court in this case was not a final judgment as to the subject matter because the cause of action asserted by appellants upon their rights to seniority under the provisions of the constitution of the international brotherhood, of which they were members, was not adjudicated by the court. On the other hand an exception leveled by appellees at those allegations of the petition which asserted such a cause of action was overruled. This left the case pending for trial upon the issues which remained and eliminated from it those which were based upon the alleged contract, and it was the duty of the trial court to dispose of the remaining issues upon their merits. If the exception to them had been sustained, then nothing would have remained for adjudication, but obviously the remaining issues were still pending and the court erred in dismissing the entire case. Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement Dist. No. 1, Tex.Civ.App., 5 S.W.2d 606; Texas Employers Ins. Ass'n v. Shelton, Tex.Civ.App., 74 S.W.2d 280.

In the Winter Garden Land Company case, supra, a judgment similar to the one here involved was before the court and it was held that the judgment was not final in the sense that it was res adjudicata of the issues dismissed but, in the appealable sense, it should be so regarded because it dismissed all issues not affirmatively disposed of and thus closed the doors of the court to all of the issues in the case. In the instant case all of the issues were disposed of in so far as appellants' right to litigate them was concerned because the court dismissed the entire case. If the rule under which appellate courts will not entertain appeals from interlocutory orders or judgments that are not final should be applied to this case, appellants would be deprived of their day in court and left without a remedy by appeal or otherwise.

 In reply to appellants' fourth assignment of error, appellees assert it is elementary that, if neither count states a cause of action, and the plaintiff refuses to amend, a dismissal of the case is not error. They say, therefore, that we must examine the alternative pleading to determine if a cause of action is stated therein. They then proceed to analyze the alternative pleading to demonstrate that it does not state a cause of action and seek thus to justify the court in dismissing the entire cause. As we have said, the court overruled appellees' third special exception, in which they presented this issue, and there is no assignment nor cross-assignment of error presenting for review the action of the court in doing so. As the question is presented here by appellees, it calls upon this court to pass upon the original question of whether or not the alternative pleading states a cause of action. To do so would be for this court to transcend its jurisdiction and function as a trial court. Our jurisdiction in matters of this nature is appellate only and we are not authorized to examine the sufficiency of the pleading except upon assignments of error bringing before us the question of the correctness of the ruling of the trial court. Art. 1812 et seq., Vernon's Revised Civil Statutes Thorp Springs Christian College v. Dabney, Tex.Civ.App., 37 S.W.2d 193; Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement Dist. No. 1, Tex. Civ.App., 5 S.W.2d 606; Donoho v. Lewis, Tex.Civ.App., 1 S.W.2d 481.

We conclude that the modification of the rule announced and indulged by the courts in the cases we have cited should be observed and that the judgment of the court below should be reversed and the cause remanded.